Wash, J.,
delivered the opinion of the Court.
This was an action on the casebrought by Buford v. Caldwell in the Circuit Court, to recover damages for certain misrepresentations made by the defendant to the plaintiff, in the sale of a tract of land. The defendant demurred to the plaintiff’s declaration, and had judgment; to reverse which Buford has come with his writ of error into this Court.
The declaration charges “ that in a conversation made and had concerning the sale of the tract of land, the defendant showed to the plaintiff a certain dwelling house, and other buildings, and certain improved lands, amounting to about eighty acres, and represented to the plaintiff that the same were situate upon and within the boundaries of said tract of land;’ “ that, by the representations so made, he was induced to make the purchase of the defendant; that said representations were false and fraudulent; and that the said dwelling house and eighty acres of improved land so shown and represented to be within the true boundary of the tract, are without the boundary of the tract so sold by the defendant to the plaintiff, and upon lands belonging to the Government of the United States,” &c., &e. For the defendant two points have been raised.
First. It is insisted that the plaintiff’s declaration is defective, in not charging that the representations were made falsely and fraudulently by the defendant, knowing them to be untrue.
Second. That an innocent misrepresentation, or one founded in ignorance or mistake, is no ground for relief at law or in equity.
In support of these positions the counsel for the defendant have cited 1 Chit. Pl. 133 and 376; Tucker’s Notes on Blackstone, vol. 3, p. 154; 2 Starkie Ev. 467, 469, 471, and 472; B. N. P. 31 and 4; Taunt. 779.
For the plaintiff in error it is contended,
First. That the scienter need not be alledged in a case like the present, and if alledged, need not be proved.
Second. That it has been sufficiently alledged in charging the representations to have been made falsely and fraudulently.
*336 In support of the first position taken by the plaintiff’s counsel, they have cited Saund. on Ev., 2 vol. p. 28; Dougl. 91; 4 Camp. 22; 2 East. 446; 4 Bing. 66; and 1 Marsh. 192 and 496.
On the second point they have cited 2 Saund. Ev. 527; Willes, 584; and Rev. Code, 626. There are some conflicting authorities cited by counse0l on both sides, as to the cases in which a scienter must be averred, which we shall not attempt now to weigh or to reconcile; the declaration in this case, though carelessly and inartifi-cially drawn, sufficiently alledges, as we think, the fraud and the damage done to the plaintiff thereby.
To charge that a representation was falsely and fraudulently made, seems to us a substantial charge that the defendant knew it to be untrue. The authority from Willes, 584, is in point. It may reasonably be presumed that Caldwell, before he built his house or cleared his field, ascertained the lines of the survey, and should have been trusted in representing that they had been made upon the tract, and were included within the lines of the tract of land sold to Buford. A man of ordinary prudence would have ascertained the truth, and the law will presume that he had done so. Under such circumstances, to state what is not known to be true, is just as criminal in the eye of the law as to state what is known to be false ; since the injury to the party confiding in such misrepresentations, is as great in the one case as the other j and it is this injury only to which the law looks, and which it seeks to redress, where the misrepresentation is of a matter not reasonably supposed to be within the knowledge of the defendant, and in which he should be trusted, but of a thing equally known to both parties, or about which both parties had equal means of information, and. in regard to which they are equally negligent, neither law nor equity will afford relief; this however is not that case.
The defendant knew, or ought to have known, the whole truth; and the plaintiff is not to blame for having trusted to his representations. The judgment of the Circuit Court is therefore erroneous, and must be reversed, and the cause remanded to that Court with directions to overrule the demurrer, and proceed therein conformably with this opinion.