JOHN H. MORSE, Respondent, *v.* GEORGE R. RATHBURN, Appellant.

| 49 | 91 |
| 97 | 250 |
| 49 | 91 |
| 36a | 222 |
| 49 | 91 |
| 83a | 574 |
| 49 | 91 |
| 157 | 113 |

1. *Sale — False representations avoid, when.* — In order to avoid a sale for that reason, the representation touching the subject-matter of the sale must not only be false, but the purchaser must be deceived by it. He must trust to it and buy on the strength of it. Thus, where the vendee examined land prior to purchase, he could not afterward have the sale set aside because the vendor

had falsely represented the land to be wooded and smooth in surface; since as to these facts there could have been no deception.

2. *Sale of land — Agency — Sub-agent, representations by.*—Where one who acts for the legal owner of land is himself the equitable owner, the representations of his agents will bind the legal owner. In such case the equitable owner is also principal.

### *Appeal from Jefferson Circuit Court.*

*Fisher & Rowell*, for appellant.

The evidence shows that David Morse had an equitable ownership in the land. Therefore Trow, Marshall & Co. were not agents appointed by an agent, but by a principal; and these representations to Rathburn about this property are as binding upon the plaintiff as if he had made them himself. (Sharp v. Mayor of New York, 40 Barb. 256; Sanford v. Handy, 23 Wend. 260; Glasscock v. Minor, 11 Mo. 655; Doggett v. Emerson, 3 Sto. 733; Monroe v. Pritchett, 16 Ala. 16, 785; Farrington v. Bullard, 40 Barb. 512; Mead v. Brum, 32 N. Y. 275.)

*Green & Ahlvers*, for respondent.

I. Even if David Morse was agent of plaintiff, he had no authority to delegate his authority to Coleman to act as sub-agent. Hence Coleman's statements of what he said to defendant, or what David Morse said to him, are incompetent as against plaintiff. (Chit. Cont., 7th Am. ed., 225; Tippets v. Walker, 4 Mass. 592, 595, 597; 2 Kent, 5th ed., 633.)

II. If defendant relied upon his own judgment in regard to the quality of the land, and was not misled, he cannot avail himself of false representations. (2 Kent's Com. 484–5.)

BLISS, Judge, delivered the opinion of the court.

In 1867 the parties entered into a contract for the sale by the plaintiff to the defendant of certain real estate in Jefferson county for $21,000, the agreement containing a stipulation of forfeiture of $2,000 in case of its non-performance. The defendant failing to fulfill, the plaintiff brought suit for this forfeiture as for liquidated damages, and, upon appeal to this court, his claim was

sustained (42 Mo. 495), although the cause was remanded to let in a defense of fraud and misrepresentation in the sale. The cause was again tried upon this defense, and the plaintiff obtained judgment, from which defendant appeals.

The instructions are all the defendant has a right to ask, and contain no error against him. All that he submitted were given, and several of those asked by the plaintiff were refused.

The alleged false representation was that certain unimproved portions of the farm were well timbered, and that the soil was good, when in fact most of the timber had been cut off, and the land was broken and rocky. The plaintiff claims that the defendant examined the premises and trusted to his own knowledge thus acquired, and upon this point the court instructed the jury that " if the defendant, before he made the contract with the plaintiff for the purchase of the land, did go upon and examine the unimproved land for himself, then it is immaterial whether the representations made to him by David Morse, in regard to the timber thereon and the quality of the soil, were true or not." This instruction was excepted to, yet it does not contradict the most extreme view that has been taken upon this subject; for it has been always considered that where a false representation is made of the object of sale, the party purchasing must trust to the representation and be deceived by it. It is not sufficient that it be false, but it is essential that the purchaser be deceived by the representation — that he trust to it and buy on the strength of it. If he inspect what he purchases, whether land or personal property, and the defect is plainly apparent, he cannot be deceived — he cannot trust to a representation he sees to be untrue. Thus, in the case before us, if the representation had been made in regard to something not apparent — as a mineral, or the depth of the soil—an examination of the surface might not have undeceived him. But as to the existence of timber, or as to the external appearance of the land, whether sufficiently smooth for cultivation or rough and rocky, there could have been no deception; and hence the court was right in holding that the representations were immaterial if the defendant went upon the land and examined for himself.

For the application by this court of the general doctrine to sales of land, see Buford v. Caldwell, 3 Mo. 477; Glasscock v. Minor, 11 Mo. 655; Owens v. Rector, 44 Mo. 389.

Exception was taken during the trial to the action of the court in ruling out the deposition of one Coleman, and such action is now claimed to have been erroneous. To this it is answered that the deposition is not in the record, and hence the court cannot know whether it should have been received. This would be a good answer did not the record otherwise advise us of its general character; but being so advised, we will inquire whether the reasons for ruling it out were sound. Certain real estate agents had been employed by David Morse, who lived upon the land, the title being in his brother, John H. Morse. They had written to defendant concerning the land, which letter induced him to come out from New York; and the deposition was offered to prove the letter, and otherwise to give the declarations of David Morse in regard to the property. The deposition seems to have been objected to upon the ground that neither David Morse nor Coleman had been shown to be agents of the plaintiff in the sale, and even if David Morse was the agent, that he had no right to employ another agent. But it clearly appears that David Morse had an equitable interest in the land, that he had formerly owned it, that he then lived upon it and called it his own, that his brother had advanced him money and he had placed in him the title, and that he was to receive all the purchase-money over a certain amount; and he seems to have been the only person known to the defendant until near the close of the transaction. Evidence of the representations, then, of the real estate agents appointed by David Morse to sell the land, was competent, both because they were appointed by the equitable owner, and because they might show what representations David Morse himself had made to them that were communicated to the purchaser as from him. From the light which the record throws upon this deposition, I think it should have been admitted in evidence, and for this error the judgment must be reversed and the cause remanded. The other judges concur.