———o———

MILTON DUNN, Defendant in Error, vs. RICHARD WHITE, ADM'R OF J. Q. OLDHAM, DEC'D, Plaintiff in Error.

1. *Land, sale of—Action for deceit—What representations necessary to sustain.*—Although an unintentional misrepresentation in the sale of land may lay the foundation for an action to set aside the contract of sale, it will not sustain a suit at law for damage. To justify such action, there must be fraud as distinguished from mistake. There need not, however, be absolute falsehood. If the party willfully asserts as facts within his own knowledge, and not as mere matters of opinion or general assertion, what in truth he knows nothing about, if the subject of assertion is material, the statement will be held equivalent to that of a known falsehood. But to justify the action it must appear that deceit was practiced, and for the purpose of putting the vendee off his guard, or that special confidence was reposed in the representations

| 63 | 181 |
| 97 | 250 |

| 63 | 181 |
| 36a | 222 |
| 36a | 251 |

| 63 | 181 |
| 42a | 110 |

| 63 | 181 |
| 44a | 113 |

| 63 | 181 |
| 120 | 200 |

| 63 | 181 |
| 60a | 43 |

| 63 | 181 |
| 65a | 141 |

| 63 | 181 |
| 140 | 277 |

| 63 | 181 |
| 81a | 267 |

| 63 | 181 |
| 83a | 576 |

| 63 | 181 |
| 157 | 112 |

| 63 | 181 |
| 87a | 260 |

| 63 | 181 |
| 93a | ¹438 |
| 93a | ¹439 |

Dunn v. White, Adm'r.

of the vendor, and that the contract was entered into on the strength of the statement. And the proof of the fraudulent representations must be clear. And if the buyer trust to representations not calculated to impose on men of ordinary prudence, or neglect means of information easily in his reach, he cannot recover.

But the case is otherwise where the land, which is the subject of purchase, is at a distance, and the purchaser relies wholly upon the description given by the vendor.

*Error to Cass Circuit Court.*

*A. Comingo*, for Plaintiff in Error, cited: Rawle Cov. Tit. [3 Ed.] 619, 625, and note 1, p. 621, and cas. cit.; 1 Hib. Torts [3 Ed.], p. 11, § 9; 1 Sugd. Vend. [7 Am. Ed.] §§ 5, 6; Broom's Max. [5 Am. Ed.] § 707; Collins vs. Evans, 5 Q. B. 820, 48 E. C. L. R.; Holmes vs. Clark, 10 Iowa, 423, and cases cited; Stafford vs. Newson, 9 Ired. [N. C.] L. 507; Bond vs. Clark, 35 Vt. 577; McFarland vs. Caves, 34 Mo. 195; Owens vs. Rector, 44 Ia. 389; Clark vs. Baird, 7 Barb. 65; Moore vs. Faberville, 2 Bibb. 602; Buford vs. Caldwell, 3 Mo. 335; Clark vs. Baird, 9 N. Y. [5 Seld.] 183.

*Boggess & Sloan*, for Defendant in Error, cited: Buford vs. Caldwell, 3 Mo. 477; Glasscock vs. Minor, 11 Mo. 655; Griffith vs. Eley, 12 Mo. 341, side p. 518; Holland vs. Anderson, 38 Mo. 55; Sanford vs. Handy, 23 Wend. 259; Mead vs. Bunn, 32 N. Y. 275; Smith vs. Countryman, 30 N. Y. 655; Van Epps vs. Harrison, 5 Hill, 63; Bennett vs. Judson, 21 N. Y. 238; 1 Sto. Eq. § 193, and note; Thomas vs. McCann, 4 B. Monr. 601; Stone vs. Denney, 4 Metc. 161; Pasham vs. Randolph, 4 Howard [Miss.], 435; Smith vs. Richards, 13 Pet. 26; Rutherford vs. Williams, 42 Mo. 18; Craig vs. Ward, 36 Barb. 377.

WAGNER, Judge, delivered the opinion of the court.

This was an action to recover damages for an alleged false and fraudulent representation in the sale of a tract of land. It appears that the defendant was the owner of an eighty acre tract, which he had bought only about a month previous to the sale to

the plaintiff, and that pending negotiations for a sale both parties' went upon the land, and the defendant showed the plaintiff the boundaries. A sale was consummated ; the plaintiff paid the purchase money and received a conveyance and went into possession of the premises. Subsequently he ascertained that the boundaries pointed out to him by the defendant were not the correct ones, and thereupon he brought this suit for damages. The evidence shows very clearly that there was no actual fraud or intentional misrepresentation upon the part of the defendant ; and that he was innocently mistaken as to the accurate location of the true lines and corners. Under the instructions of the court there was a verdict for the plaintiff, upon which judgment was rendered and the defendant sued out his writ of error. The action of the court in giving and refusing instructions constitutes the only error complained of.

The first declaration given for the plaintiff was in substance, that if the jury believed from the evidence that the plaintiff was ignorant of the corners and boundaries of the land, and that defendant, knowing that the plaintiff was so ignorant, pretended and assumed to know the corners and boundaries, and pretended and assumed to show the same to plaintiff, but did not in fact do so, but showed him the wrong corners and boundaries with a view to induce him to purchase, and the plaintiff in consequence thereof believed and was induced to believe that the corners and boundaries shown him were the correct and true ones, and that the land conveyed was worth less than that shown him, then the verdict should be for the plaintiff.

The second instruction told the jury that, although they might believe from the evidence that the defendant was laboring under a mistake as to the corners and boundaries of the land conveyed and really believed the land shown by him was the land conveyed, yet if they found that plaintiff believed and relied upon the representations of defendant and sustained injury thereby, then the defendant was liable, provided he knew that plaintiff was ignorant of the corners and relied on his representations, and that defendant made the representations unqualifiedly, with a view to induce plaintiff to make the purchase.

The court of its own motion gave an instruction that if the jury found that the defendant while showing the plaintiff the land with a view of sale, unqualifiedly represented the corners, without knowing whether they were the correct ones or not, for the purpose of inducing the plaintiff to make the purchase, knowing that plaintiff relied upon him for correct information, and that the representations were untrue, then such false representations amounted in law to fraud, and entitled the plaintiff to recover the damages sustained thereby.

The material parts of the defendant's instructions asserted the proposition that plaintiff could not recover unless the jury found from the evidence that the defendant made the representations knowing them to be false, and intended to deceive the plaintiff as to the true location of the boundaries. These instructions the court refused to give.

Where the parties are mutually mistaken in reference to some material question respecting the land, or where the vendee, in making the purchase, reposes especial confidence in the vendor and relies on his false representations, a court of equity, on proper application, will rescind the sale. In case of mistake the question of fraud is not generally important, as the vendee does not get what he contracted for, and by delivering up or offering to reconvey what he has obtained, but what in fact he did not purchase, a rescission will be decreed. But where there is no offer to return or rescind, and equitable relief is not demanded, but the purchaser seeks to recover damages in an action at law on the allegation of fraud, the *scienter* then becomes the very gist of the proceeding and must be proved. There is no doubt that in most cases in which an action in the nature of a writ of deceit would lie at law, equity would lend its jurisdiction to rescind the contract, but the converse of this rule is by no means universally true, for the heads of fraud and mistake are both in courts of law and equity as distinct as those of tort and contract. An innocent misrepresentation by mistake cannot be made the ground of a personal action for fraud, however it may operate upon the contract itself. It may annul the contract, on the ground that a substantial error between the parties concerning the subject mat-

·ter of the contract destroys the consent necessary to its validity. The now generally recognized doctrine is, that in order to support a personal action for fraudulent representations it is not sufficient to show that a party made statements which he did not know to be true, and which were in fact false, there must be fraud as distinguished from mere mistake. It is not, however, always absolutely necessary that an actual falsehood should be uttered to render a party liable in an action for deceit; if he states material facts as of his own knowledge, and not as a mere matter of opinion or general assertion, about a matter of which he has no knowledge whatever,· this distinct willful statement in ignorance of the truth, is the same as the statement of a known falsehood, and will constitute a *scienter*.

These principles have been recognized and enforced in the courts of this State from a very early period. In Buford vs. Caldwell (3 Mo. 477) it was declared that neither law nor equity would afford relief where the subject matter of dispute, which was the sale of land, was equally known to both parties, or about which both had equal means of information, and in regard to which they were equally negligent.

In the case of Glasscock vs. Minor (11 Mo. 655) the distinction between the classes of fraud which would entitle a party to equitable relief, and which would not be regarded as fraud in law, in the sale of land was clearly taken, and it was decided that a mistake in the representation of facts as to the quality of, or title to land, by which a party was induced to purchase was a fraud in equity, however innocently the mistake occurred, but that a mistaken opinion, where the means of information were equally accessible to both vendor and purchaser, was no fraud.

So in Owens vs. Rector, (44 Mo. 390) it was held, that if a purchaser would hold on to the property purchased, and look to his vendor for damages for deceit, there being no warranty, he must if sued for the purchase money, in order to successfully defend the action, satisfy the jury that the deception was intentional.

In Morse vs. Rathburn, (49 Mo. 91) the alleged false representation was that certain unimproved portions of the farm were

well timbered and that the soil was good, when in fact most of the timber had been cut off, and the land was broken and rocky. The plaintiff claimed that the defendant examined the premises and trusted to his own knowledge thus acquired, and it was determined that where a false representation is made of the object of sale, the party purchasing must trust to the representations and be deceived by it. It is not sufficient that it be false, but it is essential that the purchaser be deceived by the representation—that he trust to it and buy on the strength of it. If he inspect what he purchases and the defect is as open to observation to him as it is to the other party, he cannot be deceived.

In Langdon vs. Green (49 Mo. 363) it was said, that fraudulent misrepresentations and concealments by the vendor of land as to its quality, situations, &c., in order to entitle the vendee to relief, must be in reference to some material thing unknown to the vendee either from want of examination or from want of opportunity to be informed.

And if the buyer trusts to representations which are not calculated to impose upon a man of ordinary prudence, or if he neglects the means of information easily in his reach, he must suffer the consequences of his own folly and credulity. The vendee must go further and show that some deceit was practiced for the purpose of putting him off his guard, or that special confidence was reposed in the representations of the vendor, and that the contract was made and entered into upon the strength of that confidence ; and in such cases it will require clear proof of the fraudulent misrepresentations.

The uniform doctrine, however, is, that the principle above announced does not apply, where the land which is the subject of the purchase is at a distance, and the purchaser relies wholly upon its description as given by the vendor. The very question presented in this case was decided in Clarke vs. Baird, (7 Barb. 65) where it was held that if the purchaser had the opportunity of ascertaining the true boundary line, and neglected to inform himself, he could not recover damages for a misrepresentation of that boundary by the vendor, and a similar decision was made in the case of Brooks vs. Hamilton (15 Minn. 26)

In the present case there was no evidence whatever to show any bad faith or intention to deceive on the part of the defendant when he informed the plaintiff where he supposed the boundaries were. The plaintiff declares in his own testimony that he does not think that defendant intended to deceive him. Defendant says that he distinctly told the plaintiff, that he had had the land only about a month, and that he would not attempt to improve it without first getting the surveyor to establish the boundaries, and that he had spoken to the county surveyor to make the survey. This was in substance, all the evidence on the point in controversy. Both parties were present on the land looking at it, and from all the circumstances, we think it is very clear that the ruling of the circuit court cannot be sustained.

The judgment should be reversed and the cause remanded. All the judges concur.