AARON CHITWOOD, Appellant, v. JAMES N. RUSSELL, Respondent.

St. Louis Court of Appeals, May 14, 1889.

1. **Warranty**: MISTAKE OF WARRANTOR. The answer in a suit for breach of warranty of title in land averred that the defendant, having no title in fact, had conveyed to the plaintiff under a mistake. That he had bought the land from a third person with whose title he was unacquainted, and intended to convey to the plaintiff only the title thus acquired. That the plaintiff was at the time well acquainted with all the facts concerning the title and with the defendant's mistake, and with his intention to convey only the title which he had acquired. The answer offered to refund to the plaintiff the amount of the purchase money, with interest, and to reimburse the plaintiff for his expenditures in improvements, and asked for a rescission of the contract and a reconveyance to the defendant upon such terms as might be equitable and just. *Held*, that the court did not err in overruling a motion to strike out this defense.

2. **New Trial**: BILL OF EXCEPTIONS. Where the bill of exceptions does not contain the evidence given at the trial, nor that which is claimed to be newly discovered evidence upon which a new trial is moved for, an appellate court cannot consider the merits of the motion for new trial.

3. **Practice, Appellate**: EFFECT OF REPLY FILED. A plaintiff is not precluded from urging on appeal his motion to strike out a defense, by the filing of a reply and going to trial thereupon, when the motion and the ruling thereon are contained in a bill of exceptions, and were again brought to the attention of the trial court in the motion for new trial.

4. **Equity**: MISTAKE. If a contract is unambiguous in its terms, and there was no reasonable ground for a mistake as to the subject-matter of a sale by the party complaining, equity will not interpose to disturb the contract. But when one party is aware of a mistake made by the other, who is misled by the peculiar circumstances present, and a want of knowledge as to the subject-matter, equity will afford relief, provided it would be inequitable and unjust that his adversary should hold him to his engagements, as made.

5.  **Equity:** MEASURE OF RELIEF. If, as the court found, equitable interposition was proper in the present case, the decree ought to have given the plaintiff an option to keep the land bought, upon condition that he abandon all claim for damages on account of the matter in litigation. In the other alternative, instead of a conveyance with general warranty, as is required by the decree rendered, the plaintiff's deed should contain a special warranty, with a covenant only against any encumbrance done or suffered by the plaintiff or others claiming under him. The costs of the proceeding should be taxed against the defendant.

*Appeal from the Shannon Circuit Court.*—HON. J. F. HALE, Judge.

REVERSED AND REMANDED.

*James Orchard* and *A. H. Livingston*, for the appellant.

The amended answer of the defendant is uncertain, indefinite, ambiguous, and wholly fails to set up any facts that would constitute a defense to an action of covenant, either in law or equity. *Sanford v. Cloud,* 17 Fla. 548–9. " When there have been fraudulent representations and concealments on the part of the vendor as to the nature, quality, quantity, situation, and title of the land, they must, in order to entitle the vendee to relief, be made in reference to some material thing unknown to the vendee, either from want of examination, or from want of opportunity to be informed." *Owens v. Rector,* 44 Mo. 389 ; *Langdon v. Green,* 49 Mo. 363 ; *Dunn v. White,* 63 Mo. 181. The fact that the defendant conveyed a part of the land through mistake will constitute no defense to an action on the covenants contained in the deed. *Wright v. Nipple,* 92 Ind. 310. On reason, principle and common sense the amended answer should have been stricken out. The error complained of was brought to the attention of the trial court, by motion for new trial, but a motion for new trial was unnecessary, as the error is one appearing on

the face of the record proper. *Bagley v. Emberson*, 79 Mo. 139 ; *McIntire v. McIntire*, 80 Mo. 470 ; *Funkhouser v. Mallen*, 62 Mo. 555. The appellate court will review the action of the trial court on a motion, although no motion for new trial was filed. *Johnson v. Latta*, 84 Mo. 139.

*E. A. Seay* and *W. N Evans*, for the respondent.

By replying, the plaintiff waived his right to avail himself of any supposed error of the court in overruling his "motion or demurrer." See cases—*Ely v. Porter*, 58 Mo. 158; *Fuggle v. Hobbs*, 42 Mo. 537; *Gale v. Maupin*, 47 Mo. 276. A motion for new trial must set out the newly discovered evidence, show diligence, and must be verified by the affidavit of the party, his agent, or the witness himself. *Davis v. Peveler*, 65 Mo. 189. A motion in arrest must be filed. The attention of the trial court must be called to the error so that it may be corrected. *Bank v. Allen*, 68 Mo. 474, and cases cited ; *Bevin v. Powell*, 11 Mo. App. 216. The defendant submits that the issues in this case were fairly made by the pleadings and that the finding of the court must therefore have been upon the evidence brought before it. If none is preserved, this court will not sit to determine the matter upon the weight of the evidence. *Clammorgan v. Baden*, 3 Mo. App. 574. And the court will affirm without considering the questions of law raised, where there is no evidence which would support a judgment. *State ex rel. v. Tubbs*, 22 Mo. App. 91. In a case where the trial is by the court (and that is this case) and no instructions are asked or given on either side, the court will affirm out of deference to the finding of the trial court. *Reese v. Cook*, 17 Mo. App. 512. Every presumption is in favor of the acts and doings of a court of general jurisdiction, and a party who asserts that an error has been committed must prove it (*State v. Burnes*, 85 Mo. 47), and where the evidence

is not preserved the presumption is that the finding of the court is right. *State v. Brown*, 75 Mo. 317 ; *Johnson v. Long*, 72 Mo. 210 ; *Bauer v. Cabanne*, 11 Mo. App. 114 ; *Van Every v. Flanders*, 17 Mo. App. 240 ; *Turley v. Edwards*, 18 Mo. App. 676. The principle is as old as equity, that a man shall not be permitted to take advantage of his own wrong. The defendant submits further that the case of *Hagman v. Shafner*, 88 Mo. 24, is authority in his favor. The plaintiff knew at the time of his purchase of this defendant, that the defendant did not own a portion of the land he conveyed to the plaintiff. This fact the defendant did not know, but acted in good faith, believing he had title to all he sold. Waterman, Spec. Perf., p. 572, sec. 424.

Briggs, J., delivered the opinion of the court.

The plaintiff instituted this suit against the defendant for damages, for an alleged breach of covenant of warranty in a deed executed by the defendant to the plaintiff on the eleventh day of April, 1885. The plaintiff averred that by this deed, for a consideration therein named, the defendant sold to the plaintiff, together with other lands, all of the north half of section 12, township 28, range 2 west, and the defendant in said deed covenanted and contracted with the plaintiff to warrant and defend the title to the lands so sold. That at the time of said sale, the defendant had no title to a tract of thirty-five acres situated in the northeast corner of said north half of section 28, and that the same was owned and in the possession of other persons who were the true owners of said land ; by reason of which the plaintiff claimed damages.

The defendant answered, admitting that he had no title to the thirty-five-acre tract of land, and averred that by mistake he had conveyed it to the plaintiff. The defendant stated in substance that on the twenty-second day of September, 1883, he bought of one Jones

and wife an undivided one-third interest in the lands embraced in the deed from the defendant to the plaintiff; that the defendant knew nothing about the land, was ignorant of its true location and of the quantity actually owned by Jones, and that he conveyed to the plaintiff all of the north half of said section, when he only intended to sell his interest in that portion of the north half of section 28 to which Jones had title; that the *plaintiff was acquainted* with said land and in making said purchase and receiving said deed, the plaintiff well knew that the defendant had no title to said thirty-five-acre tract, and was well aware of the defendant's mistake in making said conveyance; and he also knew that the defendant only intended to sell him the interest bought by him from Jones. The defendant in his answer offered to refund to the plaintiff the amount of the purchase money, together with the interest, and he also offered to reimburse the plaintiff for any money expended by him in making improvements on said land, and asked the court to rescind the contract and order a reconveyance of the land to the defendant upon such terms as the court might deem equitable and just.

The plaintiff moved the court to strike out the special matter in this answer, because the same, if true, constituted no defense. The court held the answer to be good and overruled the motion, and the plaintiff having properly saved his exception to the ruling, the action of the court is properly before us for review.

There was a trial of the cause, resulting in a decree by the court based on the defendant's answer, by which the plaintiff was ordered to reconvey to the defendant the land, upon the payment by the defendant of the purchase money, and the amount expended by the plaintiff in improving the land. The decree ascertained and determined the amounts to be paid.

From this judgment, the plaintiff has appealed, and asks us to review and set aside the judgment of the circuit court, for the following reasons to-wit:

*First.* The court erred in overruling the plaintiff's motion to strike out a portion of the defendant's answer.

*Second.* The plaintiff's motion for a new trial should have been sustained.

The reasons assigned in the motion for a new trial were, that the finding or judgment of the court was against the evidence and the weight of evidence; because the plaintiff had discovered new testimony; and lastly because the court erred in overruling the plaintiff's motion to strike out a portion of the defendant's answer.

The bill of exceptions contains none of the evidence, and it does not show the nature of the newly discovered evidence, relied on by the plaintiff for a new trial; hence we are precluded from considering the plaintiff's assignment of error in reference thereto, and will be confined to an examination of the question as to the sufficiency of the defendant's answer, which the court refused on the plaintiff's motion to strike out.

Counsel for the defendant contend, that the plaintiff is even precluded from urging this action of the court as a ground of reversal, for the reason that the plaintiff, by making reply and going to trial, waived his right to have the action of the court reviewed upon the motion. There is nothing in this objection, because the motion to strike out is made a part of the record by the bill of exceptions, and the attention of the court was called to its ruling on the motion, in the plaintiff's motion for new trial.

The answer made by the defendant presents a peculiar and unusual state of facts. There is no pretense by the defendant that he was misled, or in any way

actually deceived or defrauded by the plaintiff ; and all considerations of the kind must be put aside. The answer proceeds upon the theory that there was a mistake in the trade between the plaintiff and the defendant, but the mistake was not mutual, and was confined to the defendant alone. When there is a *mutual* mistake in reference to some material question respecting land that has been sold, a court of equity on a proper application will rescind the sale. *Dunn v. White*, 63 Mo. 184. But when the mistake is confined to one party, and the other contracting party understood and made the contract as written, and did not in any way directly contribute to the mistake made by his adversary, a somewhat difficult question is presented for solution.

We think there *are* cases of the kind, which present such a state of facts, as to authorize the interference of a court of chancery ; but the jurisdiction ought to be carefully and sparingly exercised, in order not to disturb the stability of written contracts.

In a given case, if the contract is unambiguous in its terms, and there was no reasonable ground for mistake as to the subject-matter of the sale by the party complaining, then the contract will not be disturbed. Kerr, Fraud and Mistake, 479. But on the other hand, when one party to a contract is aware of the mistake by the other, and from the particular circumstances and facts, and want of knowledge by the latter, he is misled as to the subject-matter of the sale, then relief will be afforded him by a court of equity, provided it would be inequitable and unjust that his adversary should hold him to his engagements. Kerr, Fraud and Mistake, 482, 487, 488 ; *Howes v. Barker*, 3 Johns. 509.

Testing the answer in this case by the foregoing rule, we think that the averments in the defendant's answer were sufficient to afford him relief. The defendant was unacquainted with the land. He had bought

from one Jones an undivided interest in certain lands, and Jones, in making his conveyance to the defendant, had conveyed to him all of the north half of section 12, when, as a matter of fact, Jones had no title and made no claim to the thirty-five-acre tract in the northeast corner of said north half. The defendant was unaware of this mistake in Jones' deed to him, and in making the conveyance to the plaintiff the same mistake was made. The fair inference to be gathered from the answer is that the defendant only intended to convey the land to which Jones had title, or made claim, and that the plaintiff knew this, and it is expressly averred, that at the time of the purchase the plaintiff knew that the defendant had no title to the thirty-five-acre tract, and that the same was in the possession of third parties, who were its true owners. To permit the defendant to be mulcted in damages, as for a breach of his warranty of title to this land, would, under the circumstances, be inequitable and unjust.

But the judgment in this case will have to be reversed, on account of the terms of the decree as rendered by the court. It is impossible for us to enter the proper judgment here or direct what judgment shall be made by the circuit court, because the evidence is not preserved in the bill of exceptions. The court made an absolute decree rescinding the sale and ordering a reconveyance by the plaintiff upon condition *only*, that the defendant pay the plaintiff the amounts determined by the court. We think that the decree in such a case ought to give the plaintiff the right (if he should see proper to do so), to keep the land actually bought, upon the condition that he abandon any claim for damages arising out of the cause of action sued on. The decree also requires the plaintiff to reconvey by deed containing general covenants of warranty. The deed should be only a special warranty containing a covenant that the land is free from any incumbrance

Chitwood v. Russell.

done or suffered by the plaintiff or others claiming under him. We also think that the costs of this proceeding should be taxed against the defendant alone.

Under the admissions in the defendant's answer, the plaintiff's right at law to maintain this action is conceded, and the defendant seeks to escape liability from the legal consequences of his improvident contract, on account of no actual fraud on the plaintiff's part, but on the theory that under the circumstances in the case, it would be inequitable to hold the defendant to his engagement with the plaintiff. Under this state of facts, we cannot see why the plaintiff should be compelled to pay any portion of the costs incurred in making good this defense interposed by the defendant.

As this case will have to be retried, we will suggest that the policy of the law requires that such a defense, as the defendant makes to this action, should be made to appear by very satisfactory proof. In the absence of *fraud, accident,* or *mutual mistake,* the general rule is that courts of equity will not permit written contracts to be varied or modified by parol proof, and it is only in very exceptional cases, like the one at bar, that the rule ought to or can be departed from. Therefore the jurisdiction should be exercised with a great deal of care, and relief only granted when the facts make a clear case for equitable interference.

The decree of the trial court will be reversed and the cause remanded. All the judges concur.