ALBERT B. BRAUCKMAN, Respondent, v. GEORGE E. LEIGHTON, Appellant.

St. Louis Court of Appeals, December 4, 1894.

1. **Real Estate Agent:** LIABILITY OF PRINCIPAL FOR MISREPRESENTATION. A real estate agent has not, as a matter of law, an implied power to bind his principal by representations as to present or future liens on property which he is employed to sell. And *held*, that the evidence in this cause did not establish the existence of such power as a matter of fact.

2. ————: MISREPRESENTATION AS TO LIENS ON LAND: RIGHT OF PURCHASER TO RELY THEREON. *Held*, in the course of discussion, that when charges for improvements are as a matter of law liens on adjoining property only from the time of the issue of special tax bills, and these can only be issued after the completion of the work, a purchaser of such property, who knows that the improvements have not been completed, can not reasonably rely upon representations that the special tax therefor has been paid, and therefore can not recover damages for misrepresentation in that respect.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*Eben Richards* for appellant.

It was error to admit the statements of Stinde in regard to the sewer, before plaintiff had proved that he was defendant's agent and that his authority included the power to bind defendant by his representations. *Williams v. Edwards*, 94 Mo. 447; *Diel v. Railroad*, 37 Mo. App. 454; *Alexander v. Pallins*, 14 Mo. App. 104; *Cupples v. Whelan*, 61 Mo. 583.

*John B. Roeder* and *E. P. Johnson* for respondent.

The declarations of an agent made in the course of his employment, in regard to the subject-matter of the agency, are original, not hearsay, evidence, and are admissible against his principal. 1 Greenleaf on Evidence, secs. 113 and 114; *Arnold v. Ins. Co.*, 55 Mo. App. 149. A real estate agent, without special authority for that purpose, is authorized to make representations in regard to real estate that he sells as agent. *Morse v. Rathburn*, 49 Mo. 91. Nor was respondent's failure to personally examine the records for special tax bills negligence. But, if it had been, it would not excuse appellant. *Wannell v. Kem*, 57 Mo. 478; *Brownlee v. Hewitt*, 1 Mo. App. 360.

BOND, J.—This is an action for deceit and misrepresentation, whereby it is alleged that the plaintiff was induced to purchase certain real estate conveyed to him by defendant. The answer was a general denial.

The substance of the evidence given by plaintiff on the trial was that, some time prior to the transaction complained of, he was engaged in the real estate business, and occupied desk room in the office of another real estate agent, Conrad R. Stinde; that Stinde sug-

gested to plaintiff the purchase of the lot in question, whereupon plaintiff went out and examined its location, and in the course of his negotiations with Stinde inquired of him if the sewer bills, for the construction of a sewer which he had observed in the vicinity of the property, had been paid; that said Stinde replied: "That is all paid for; Colonel Leighton (defendant) says that is all paid for;" that, about a week thereafter, plaintiff purchased the property, which was accomplished by his going, in company with Stinde, to the office of defendant and paying $3,000, and receiving a deed dated June 1, 1892, in accordance with a written contract dated May 31, 1892, whereby defendant agreed to sell the property in question to plaintiff. A few weeks after the execution of such warranty deed to defendant, special tax bills were issued for the construction of a district sewer near the premises in question. Plaintiff wrote defendant in regard to the matter, and received a reply, dated August 15, 1892, stating in effect that defendant knew nothing of the construction of said sewer at the time of the sale of the land, and declining to pay for it, unless it could be shown that he was legally liable therefor. The bills were subsequently paid by plaintiff. It also appeared that thereafter plaintiff, thought his attorney, offered to reconvey the property in question to defendant and receive back money, which was refused by defendant. It futher appeared that defendant never at any time spoke to plaintiff about the purchase of the property by him, nor personally made any representations on the subject beyond the contract, dated May 31, and the subsequent deed hereinbefore referred to. Plaintiff also testified that he relied upon the representation made by said Stinde as to the payment of the sewer bill, and would not have bought the property if he had known such representation to be untrue.

Brauckman v. Leighton.

The evidence adduced by defendant was to the effect that the aforesaid C.R. Stinde was never at any time employed as the agent of defendant to sell the property in question; that the property was sold under the following circumstances: Said C. R. Stinde approached defendant a number of times, and made bids to him for the purchase of said property. Defendant was disinclined to sell, but, owing to the persistence of said Stinde, finally fixed a minimum price for which Stinde could have the property. Thereupon a computation was made of what the commissions would be for selling the same at this price, and the commissions were added to the net price which defendant was willing to receive. Stinde came next day to defendant with an offer to pay this amount, which defendant accepted and executed his deed to the property to plaintiff. Defendant also stated that his impression at the time was that he was selling the property to Mr. Stinde, and that the plaintiff was carrying the title for the benefit, solely or jointly, of said Stinde; that he never at any time authorized Mr. Stinde to sell the property, nor constituted him agent in respect thereto.

There was a verdict and judgment for the plaintiff for the amount which he paid to discharge the liens on the tax bills, from which the present appeal is prosecuted.

An agent has no power by his acts or fraudulent representations in excess of the apparent scope of the authority given him to bind his principal. Mechem on Agency, sec. 743. In applying this principle to the facts of this case, it becomes material to inquire what was the apparent scope of the authority of the assumed agent. Unquestionably, the only authority conferred arose by implication, since there is no evidence in the record showing any express employment. If, therefore, any agency existed at all, it was an implied one. To support this view plaintiff relies upon the fact that he accompanied Stinde to defendant's office and received

a deed to certain property, and that defendant out of an excess of the purchase money, over what he was willing to sell for, paid said Stinde a commission on the sale.

If it be granted, for argument, that a logical inference of employment could be drawn from proof of these facts; the question at once arises, what was the apparent scope of the authority thus given. The rule is, that the authority of an agent, whether express or implied, includes the necessary and usual means of executing it with effect; nor can it exceed these, unless the principal has held out the agent as possessing greater powers, or has ratified, after full knowledge, his acts in excess of authority.

In the case at bar it is not contended that the implied authority of C. R. Stinde was enlarged in either of these methods. It is, therefore, only necessary to inquire what was the actual extent of the authority inferable.

A real estate broker is one employed to negotiate the sale or purchase of real property. His contract as such is complete when he has found a purchaser who is ready, willing and able to buy upon the terms specified, or respond in damages, and has executed a valid written contract to that effect. *Hayden v. Grillo*, 35 Mo. App. 654; Mechem on Agency, sec. 966. The performance of these duties does not imply, as a matter of law, any authority on the part of a real estate broker to bind his principal by representations as to present or future liens on property offered for sale. As such authority does not arise as a presumption of law from the bare fact of employment, it can only vest in an agent, authorized to act by implication, upon evidence of use and custom to that effect. Whether or not such was the custom of real estate brokers in effecting sales was a question of fact, and presented a proper issue for

determination by the jury. *Hayner v. Churchill*, 29 Mo. App. 683.

The burden of proof was upon the plaintiff to establish by evidence the elements necessary to recover in this action. *Nauman v. Oberle*, 90 Mo. 666. He has introduced no evidence whatever tending to show the use and custom of real estate brokers in making representations, such as the one sued on, in effecting sales of land. It is obvious this defect of proof can not be supplied by legal intendment. The conclusion is inevitable that, if C. R. Stinde made any fraudulent misrepresentation as to payment of sewer bills by defendant, in so doing he acted outside of the apparent scope of any authority inferable under the facts in this record.

Again, it does not clearly appear from the evidence in this record that the construction of the sewer referred to was completed when plaintiff acquired the property. If it was not finished at that time, he has no cause of action. The charter of this city makes such improvements liens and payable after the completion of the work and the issuance of special tax bills therefor. In the eye of the law the plaintiff was aware of this provision; in point of fact he might have known of it by the exercise of ordinary prudence and diligence. He could not, therefore, rightfully rely upon a misrepresentation as to such a matter. As was said by Judge WAGNER: "If the buyer trust to representations which are not calculated to impose upon a man of ordinary prudence, or if he neglects the means of information easily in his reach, he must suffer the consequences of his own folly and credulity." *Dunn v. White*, 63 Mo. 186, and citations. The action of the plaintiff in taking the oral declaration of the real estate agent *alone* as to the payment of a special bill for improvements which either was, or must become, a charge on the prop-

erty, was unusual, to say the least.   All guarantees as
to title or liens, fixed or *inchoate*, are properly matters
of covenant in the conveyance between the parties, and
it seems extremely improbable that a purchaser of
ordinary prudence would accept a deed which did not
secure him against a certain charge *in future* upon the
property, of which he was advised when he bought,
unless he intended to take it *cum onere.*

Our conclusion is that the judgment herein must
be reversed and remanded.   All concur.