JOHN DAVIS, Appellant, v. PHOENIX INSURANCE COMPANY, Respondent.

**Kansas City Court of Appeals, October 30, 1899.**

Deceit: EQUAL KNOWLEDGE: NEGLIGENCE: PLEADING: ACTION. Neither law nor equity will afford relief on the ground of false representation where the subject-matter is equally known to both parties, or both parties have equal means of information, and in regard to which one or the other is negligent; and a petition counting on fraudulent representation as to the contents of the application in the settlement of a liability on a policy of insurance and summarized in the opinion, is examined and held not to state a cause of action.

Appeal from the Nodaway Circuit court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*Growney & Growney* for appellant.

(1) A petition—as in this case—that sets forth successful deception intentionally practiced by the defendant upon the plaintiff to his injury, states a good cause of action according to all the authorities. Brocket v. Griswold, 112 N. Y. 454; Shaw v. Stine, 8 Bosw. 157; Shinnabarger v. Shelton & Lane, 41 Mo. App. 147; James v. Hodsden, 47 Vt. 127. (2) And a person defrauded in a contract has his election of remedies. He may stand by the compromise and settlement after he has discovered the fraud and recover damages on account of it. Hedden v. Griffin, 49 Am. Rep. 25; 136 Mass. 229; Addington v. Allen, 11 Wend. 374; Cabot v. Christie, 42 Vt. 121; Jarrett v. Morton, 44 Mo. 275; Parker v. Marquis, 64 Mo. 38.

*Fyke, Yates, Fyke & Snider* for respondent.

The statement alleged to have been made by defendant's adjuster are not such as will support an action for fraud and deceit. Dunn v. White, Adm'r, 63 Mo. 181, 186.

GILL, J.—This is an action for damages based on an alleged fraud and deceit practiced by defendant on the plaintiff in securing a compromise and settlement of a claim made by plaintiff on a fire insurance policy issued by defendant. The sole question is whether the petition states facts sufficient to constitute a cause of action. The trial court decided in the negative, and the plaintiff brought the case here.

We think it unnecessary to copy the pleading entire; it is very lengthy. The substance of the petition, after alleging defendant's incorporation, business, etc., is about as follows: It alleges that on May 16, 1892, defendant, in consideration of $25.20 paid to it by the plaintiff, insured plaintiff's dwelling and household goods—the former for $800 and the latter for $300—for the period of five years; alleges plaintiff's interest and ownership; alleges that in April, 1897, the property was all destroyed by fire, and that at that time the house was worth $1,000 and the furniture and household goods were of the value of $500. The petition then further alleges in substance, that in May, 1897, after the fire, defendant's agent, for the purpose of cheating and defrauding the plaintiff, then and there falsely and fraudulently stated to plaintiff as follows: That prior to the issue of the policy plainly signed and delivered to the company his written application therefor, and which said application the agent or adjuster stated was by the terms of the policy made a warranty on the part of the plaintiff and that any false statements made in said application would vitiate and make void said policy of insurance; that said application falsely stated that there were no mortgages or incumbrances on said property, whereas the property

was incumbered, and that by reason thereof said policy as to the dwelling house was void. The petition then further alleges that the company's agent then and there offered as a compromise and settlement to pay plaintiff the $300 covering the household goods, and further offered to donate or pay to plaintiff $250 for the loss on the house, "to the end and in consideration" that plaintiff would execute and deliver to defendant company a written release surrendering therein to defendant all claims on account of the policy. It was further alleged that the agent then and there stated that defendant had in its possession the said written application. The petition then alleges that the plaintiff was then and there in ignorance as to whether he had furnished a written application when the policy was issued, or as to the contents thereof, but that relying on the statements of the agent and believing that he had signed such a writing and that its contents were as pretended, he, the plaintiff, agreed to said compromise and accepted said $300 and said $250 in full settlement and then and there executed the release. The petition then further alleges that plaintiff never made and signed the pretended written application, that he did not in such application make the pretended statement that there was no mortgage or encumbrance on the property, and that the statements and representations made by defendant's agent were false and fraudulent and were made for the purpose of cheating and defrauding the plaintiff. That by reason of the premises plaintiff was damaged in the sum of $800 for which judgment was prayed.

An action for false representation and deceit will not lie where the plaintiff had equal knowledge with the other party as to the subject-matter, or means of knowledge easily within his reach. As expressed in Buford v. Caldwell, 3 Mo. 477, "neither law nor equity will afford relief where the subject-matter of dispute is equally known to both parties, or about which both parties had equal means of information, and in

regard to which they are equally negligent." If a party "trusts to representations which are not calculated to impose upon a man of ordinary prudence, or if he neglects the means of information easily in his reach, he must suffer the consequences of his own folly and credulity." Dunn v. White, 63 Mo. 181. "The law will presume that a man will take care of himself. He can not go abroad without thought, care or judgment, relying on the law to guide and protect him in his dealings with his fellow man. The law will not relieve him because he has been credulous, nor will the law care for one who will not care for himself." Cahn v. Bungardt, 18 Mo. App. 115. This knowledge of the condition of things, or means of knowledge easily and readily open to the party complaining will bar an action unless he has been thrown off his guard by some scheme or deceit practiced by the other party.

In respect of the matters above mentioned plaintiff's petition fails to state a case of fraud and deceit. According to the allegations therein plaintiff had ample knowledge—actual and constructive—of the subject-matter concerning which he pretends to have been deceived. He had in his possession or within his easy reach everything necessary to enlighten him concerning the thing in relation to which he claims to have been imposed on. The policy was in his hands, while the written application was in the possession of the defendant's agent. Plaintiff was presumed to know whether or not he had signed an application, and if ignorant thereof, it was his plain duty to call for an inspection of the paper; it was clearly within his easy reach. There is no pretense or allegation that plaintiff asked to see or inspect the paper, nor did defendant or its agent practice any fraud or deceit so as to throw plaintiff off his guard and cause him to forego his right to examine the alleged written application. The parties too were dealing "at arms length," there was no confidential relation existing between them.

This is clearly one of those cases, at most, where the plaintiff, if wronged at all, must attribute his loss to his own negligence. In our opinion then the ruling of the trial court was correct and its judgment must be affirmed. All concur.