CORA COURTNEY BROWN, Respondent, v. KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, February 1, 1915.**

1. **DAMAGES: False Representations: Railroads.** Plaintiff lived in Texas and owned a farm in Missouri. The defendant desiring to straighten its track and reduce the grade, surveyed and staked the new road over plaintiff's farm and then sent its agent to plaintiff to purchase the necessary land. Plaintiff was told that a valuable spring was not on the land the defendant wanted. She relied on this statement and entered into a contract. Afterwards it was discovered that the spring was on that land. *Held*, that the evidence of plaintiff discloses the existence of all of the elements of a good cause of action for false representation.

2. ———: **Elements.** To maintain an action for false representations, the burden is upon the plaintiff to establish by proof, first, that a false representation of a material fact was made to her by defendant; second, that she believed it to be true; third, that her reliance upon it was an act of ordinary prudence; and, fourth, that it influenced her action to her damage.

3. ———: ———. If false representations are made regarding matters of fact, and the means of knowledge are at hand and equally available to both parties, and the party, instead of resorting to them, sees fit to trust himself in the hands of one whose interest it is to mislead him, the law, in general, will leave him where he has been placed by his own imprudent confidence. Neither the law nor equity will afford relief on the ground of false representations to one with equal means of information who fails to resort to such means.

4. ———: **Principal and Agent.** The liability of the principal for his agent's tort is not based upon any presumed authority in the agent to do the act, but upon public policy, for the reason that it is more reasonable when one of two innocent persons

must suffer from the wrongful act of a third person that the principal, who has placed the agent in the position of trust and confidence, should suffer than a stranger.

Appeal from Bates Circuit Court.—*Hon. C. A. Calvird*, Judge.

AFFIRMED.

*Cyrus Crane* and *Harvey C. Clark* for appellant.

(1) Though the representations are false and material and relied upon by the vendee, he is still not relieved of the duty to act prudently and investigate. Foundry Co. v. Heskett, 125 Mo. App. 532; Bradford v. Wight, 145 Mo. App. 623; Lewis v. Land Co., 124 Mo. 687; Davis v. Insurance Co., 81 Mo. App. 266. (2) Neither law nor equity will afford relief on the ground of false representations to one with equal means of information, who is negligent in the use thereof. Hines v. Royce, 127 Mo. App. 722; Davis v. Insurance Co., 81 Mo. App. 266; Brauckman v. Leighton, 60 Mo. App. 38; Langdon v. Green, 49 Mo. 368; Dunn v. White, 63 Mo. 181. (3) The representations alleged to have been made by the defendant's agent were outside the scope of his authority. Brauckman v. Leighton, 60 Mo. App. 38; Crawford v. Bank, 67 Mo. App. 39.

*Silvers & Silvers* for respondent.

(1) Where, to discover the wrong, investigation is necessary, a party is not bound to make the investigation, but may rely upon the representation made to him by the other party. Judd v. Walker, 215 Mo. 312; Brolaski v. Carr, 127 Mo. App. 286; Adams v. Barber, 157 Mo. App. 396; Neuman v. Friedman, 156 Mo. App. 150-151; Davis v. Forman, 229 Mo. 48-49; Cotrill v. Krum, 100 Mo. 397; Dyer v. Cowden, 154

S. W. 159; Stonemets v. Head, 248 Mo. 263. (2) A false statement made as a positive assertion constitutes fraud whether the maker knows of its falsity or not. Serrano v. Commission Co., 117 Mo. App. 198. (3) Any fraud perpetrated by the agent on a third party in the course of his employment, and for the benefit of the principal, must be imputed to the principal, whether or not the latter had actual knowledge of it. The liability of the principal for his agent's tort is not based upon any presumed authority in the agent to do the act, but upon public policy. Darks v. Grocer Co., 146 Mo. App. 268.

JOHNSON, J.—This action grew out of the revocation and reconstruction of defendant's railroad over a farm in Bates county owned by plaintiff and the appeal is prosecuted by defendant from a judgment recovered by plaintiff on the third count of her petition.

Preparatory to building the new line, which was designed to straighten the track and reduce the grade, defendant surveyed and staked the new road over plaintiff's farm, and then sent its agent to plaintiff to purchase the necessary land for a new right of way. The area required for this purpose was 13.98 acres and the negotiations between defendant's agent and plaintiff resulted in her and her husband signing and acknowledging a contract for the sale and conveyance of the land for the consideration of $3500. Plaintiff resided in Houston, Texas, and had not visited the farm for five years prior to this transaction. Before her marriage and removal to Texas she had lived in Kansas and occasionally had visited the farm which belonged to her father and was inherited by her. In a general way she was familiar with its natural and artificial features and knew that a certain spring used by her tenants for watering live stock was near the railroad, but she did not know the exact distance and was

particular to inquire of defendant's agent before she
agreed upon a price if the spring would be upon the
land purchased by defendant, and was assured that
it would not be.   Plaintiff testified: "We had a little
talk over it; he wanted to give me less than what I
wanted; and we had quite a little talk there; and finally
—I wouldn't give in, and he said I was like all the
rest of the people, that I wanted everything from the
railroad—that if it went near a farm house, or took
in a good spring, they wanted the price of the place;
and at that I remembered there was a spring southwest
of the orchard, and I asked him if it touched that
spring, and he said, no, it didn't touch it, or go near
it, so then we went over to the attorney's office and
I signed the contract; I fully believed him, or I
wouldn't never have sold it for that much—what I
got."

Later plaintiff and her husband conveyed the land
for the new right of way to defendant by warranty
deed.   It turned out that the spring was on that land
and was destroyed in the construction of the new road.
The third count of the petition alleges a cause of action
for damages sustained in consequence of this misrep-
resentation which is denounced as having been fraudu-
lently made and with the intent to deceive plaintiff
and is alleged to have been believed and acted upon
by plaintiff to her damage.   The contract of sale and
the warranty deed contained the recital that the new
right of way would not be a greater distance than 200
feet from the old roadbed at any point on plaintiff's
farm.   It is claimed by defendant that this recital was
inserted in both instruments at the instance of plain-
tiff, and for present purposes, we may treat this claim
as true, though there is some controversy over it in
the evidence.

The agent of defendant, during the negotiations,
exhibited a blue print showing the proposed change in

the road but the location of the spring was not designated thereon. The agent of defendant testified that his negotiations for the purchase of the right of way were conducted at Houston principally with the husband of plaintiff, that he made no representation about the spring, of the existence of which he had no knowledge; that the chief subject of discussion was the price of the land and that plaintiff's lawyer "drew the contract at the dictation of plaintiff and her husband, whose position in the transaction appeared as that of an agent for her."

The contract of sale was signed May 24, 1911, and the warranty deed was executed June 30, 1911. The new road was constructed and under date of June 18, 1912, plaintiff presented a claim to defendant for damages resulting from negligence in blasting and in setting out a fire but did not mention the destruction of the spring. This omission finds explanation in the testimony of plaintiff which tends to show that the knowledge of the latter damage did not come to her until after the first presentation of the claim.

The only questions argued in the brief of defendant are raised by its demurrer to the evidence and are predicated of a state of case materially at variance with that disclosed by the evidence of plaintiff, which, for the purposes of such questions, must be accepted as true. The facts we must treat as proved are, first, that at the time she signed the contract plaintiff did not know that the spring in question was on the proposed right of way; second, that such lack of knowledge was communicated by her to the agent of defendant, with the request for accurate information on that subject, and with the intimation that she considered that fact as having a material bearing upon the question of the consideration she should demand for the conveyance. Third, that the agent returned a false answer, either wilfully or recklessly, with the intent

of deceiving her and thereby inducing her to accept less than a reasonable consideration for the right of way; fourth, that she relied upon the false statement to her detriment, and, fifth, that she had no reasonable opportunity for ascertaining its falsity.

To maintain an action for false representations, the burden is upon the plaintiff to establish by proof, first, that a false representation of a material fact was made to her by defendant; second, that she believed it to be true; third, that her reliance upon it was an act of ordinary prudence, and, fourth, that it influenced her action to her damage. [Foundry Co. v. Heskett, 125 Mo. App. 1. c. 530; Wannell v. Kem, 57 Mo. 478.]

The argument of defendant, in substance, concedes that the evidence of plaintiff tends to establish the existence of the first two elements but challenges its sufficiency to discharge her burden of proof as to the remaining two. It is insisted that with knowledge of the fact that the spring was near the old roadbed and might be within the proposed right of way which had been defined on the ground by stakes, plaintiff did not act with ordinary prudence in accepting the false representation as true.

The agent of defendant was in no confidential relationship with plaintiff but was dealing with her at arms length as a business adversary and it was incumbent upon plaintiff to avail herself of any reasonable opportunity she had for obtaining information from disinterested sources. The rule in such cases is that "where ordinary care and prudence are sufficient for full protection, it is the duty of the party to make use of them. Therefore, if false representations are made regarding matters of fact, and the means of knowledge are at hand and equally available to both parties, and the party, instead of resorting to them, sees fit to trust himself in the hands of one whose

interest it is to mislead him, the law, in general, will leave him where he has been placed by his own imprudent confidence.'' [Cooley on Torts (2 Ed.), 570, quoted with approval in Lewis v. Land Company, 124 Mo. 1. c. 687; Foundry Co. v. Heskett, supra; Bradford v. Wright, 145 Mo. App. 623; Davis v. Insurance Co., 81 Mo. App. 266.] Neither law nor equity will afford relief on the ground of false representations to one with equal means of information who fails to resort to such means. [Hines v. Royce, 127 Mo. App. 1. c. 722; Brauchman v. Leighton, 60 Mo. App. 38; Langdon v. Green, 49 Mo. 368; Dunn v. White, 63 Mo. 181.]

But the difficulty in the way of defendant's attempt to escape under this rule lies in the fact that the parties did not stand upon an equal footing but the defendant enjoyed an advantage of which both parties were fully cognizant. The negotiations were conducted in a city a thousand miles from the property and it was known to the agent that plaintiff, when she signed the contract, had not made a personal inspection of the exact position of the spring, with reference to the proposed right of way, and that she had no disinterested means of information at hand. Even a very intimate knowledge of the farm would not necessarily have included knowledge of the exact location of the spring (Judd v. Walker, 215 Mo. 1. c. 331), and the fact that she asked the agent for information, knowing that defendant had made an accurate survey of the right of way, and was particular to have the distance of the right of way from the old roadbed stated in the contract, were enough to inform the agent that she was without accurate information, was depending upon his statement, and was intent upon having the contract expressly confine the grant within the scope of the represented fact. She was not required to go to Missouri to investigate the situation for herself, to

seek information from her tenant by letter or telegram, or to employ someone in Bates county to make an investigation for her.

The most that may be said of her duty to observe ordinary prudence is that she was bound to avail herself of ready means of information. She was not bound to take extraordinary precaution and defendant is in no position to upbraid her for believing that its accredited agent would tell her the truth about a material fact within the knowledge of defendant and not within her own knowledge, nor readily ascertainable by her.

"When once it is established that there has been any fraudulent misrepresentations or willful concealment by which a person has been induced to enter into a contract, it is no answer to his claim to be relieved from it, to tell him that he might have known the truth by proper inquiry. He had a right to retort upon the objector, 'You, at least, who have stated what is untrue, or have concealed the truth, for the purpose of drawing me into a contract, cannot accuse me of want of caution, because I relied implicitly upon your fairness and honesty.'" [Davis v. Forman, 229 Mo. l. c. 48; Judd v. Walker, supra.] Our conclusion is that the evidence of plaintiff discloses the existence of all of the elements of a good cause of action for false representations.

But it is argued that the representations were outside the scope of the agent's authority and we are cited, as supporting this point, to the cases of Brauckman v. Leighton, supra, and Crawford v. Bank, 67 Mo. App. 39. The first of these cases decided that the mere employment of a real estate broker does not imply authority in him to make "representations as to present or future liens on property offered for sale" and in the second, the familiar rule is stated that the cashier of a national bank has no apparent or implied

authority, by virtue of his position, to make represen-
tations on behalf of the bank as to the solvency of
one of its debtors. Neither of these decisions is in
point. Defendant sent its right of way agent whose
business it was to negotiate for, and purchase on the
best terms possible, lands for the use of defendant's
railroad. Questions concerning the value of lands ne-
gotiated for, and of the extent of the damage to the
remainder of the property out of which such lands
would be carved, and devoted to a use more or less
injurious to the remainder, were bound to arise in
almost every purchase, and statements made by the
agent about such matters should be regarded as fall-
ing within the real, as well as the apparent, scope of
his authority. [Darks v. Grocery Co., 146 Mo. App.
246.] Corporations can act only through officers and
agents and it would be a strange doctrine which would
exempt them from liability for the torts of their agents
which they did not expressly authorize. As with other
species of wrongful acts, a fraud perpetrated by the
agent of a corporation on a third person in the course
of the agent's employment and for the benefit of his
principal must be imputed to the corporation, whether
or not its officers had attempted to authorize the fraud,
or had actual knowledge of its perpetration. [Darks
v. Grocer Co., supra; Keyser v. Hinkle, 127 Mo. App.
62; Judd v. Walker, supra.]

As is said in the Darks case: "The liability of
the principal for his agent's tort is not based upon any
presumed authority in the agent to do the act, but
upon public policy, for the reason that it is more rea-
sonable when one of two innocent persons must suffer
from the wrongful act of a third person that the prin-
cipal who has placed the agent in the position of trust
and confidence should suffer than a stranger. [Her-
ald v. Bryan, 195 Mo. 574, 92 S. W. 902; Baree v. City

of Cape Girardeau, 197 Mo. 382, 95 S. W. 330; Heath v. Schroer, 119 Mo. App. 93, 96 S. W. 313.]

The demurrer to the evidence was properly overruled.

The judgment is affirmed. All concur.