## GLASSCOCK vs. MINOR.

1. A mistake in the representation of facts as to the quality of, or title to land, by which a party is induced to purchase, will be held a fraud in equity, however innocently such mistake may have occurred.

2 A mistaken opinion as to title however, the means of information being equally accessible to both vendor and purchaser, is no fraud.

## APPEAL from Marion Circuit Court.

REDD, *for Appellant.*

The decree dissolving the injunction and dismissing the bill for want of equity, is erroneous; for if the bill, taking it as true, contains equity, the answer admits all the essential allegations except the intent to deceive in making the false representations, and the only thing set up in the answer by way of excuse, is the ignorance of the defendant that the representations were false at the time he made them. 10 Ves., 475; 1 Vernon, 136; 9 Ves., 23; 2 Vernon, 150; 1 P. Wm. 240.

GLOVER & CAMPBELL, AND BUCKNER, *for Appellee.*

1. The record of the proceedings at law, on foreclosure of mortgage, not being filed, and oral testimony having been given of the same without objection, the same will be considered by this court. This evidence shows that Glasscock made defence at law, and that his defence was overruled. We insist, therefore, that no defence which might have been made at law, can be again relied on by bill in this case. If a party have a defence which by due diligence he could have preferred to a court of law, will equity relieve? Story's Eq., vol. 2, p. 179, 180, 181, 182; Hardin's Ky. R., 123; 3 Monroe R., 299.

2. The bill in this case is grounded upon the allegation of fraud and failure of consideration, which would, if true, have constituted a good defence in the action at law. 8 Cowen's R., p. 31; 11 Johns. R., p. 50.

3. The matter alledged in the bill as the ground of fraud, to wit: that Minor stated he had examined the records, that he could find no conveyance from Dickerson, and was therefore of opinion that none existed, is mere matter of opinion, and cannot be imputed to fraud.

4. But if it were otherwise, it is most manifest that this plea of fraud by Glasscock is unfounded. The answer solemnly avers he bought for speculation after being acquainted fully with the circumstances; that he was clerk of the court and knew at the time of the transaction all about the partition; when suit was brought he preferred no complaints, but promised to pay the notes—made defence when sued, but not a defence grounded on fraud—after judgment begged day—afterwards paid $400, and begged further indulgence, never mentioning fraud—does not charge in his bill when he first discovered the supposed fraud—and only enjoins when he is again pressed with execution, then suffers his appeal to remain unprosecuted nearly twelve months; these are circumstances, in our opinion, entitled to great weight in the case.

42

NAPTON, J., *delivered the opinion of the Court.*

Glasscock filed a bill to enjoin the collection of a judgment at law obtained by Minor for the purchase money of certain real estate sold by Minor to Glasscock. The facts, as gathered from the bill and answer, were as follows:

Minor sold Glasscock nine lots in the town of Palmyra, for two of which, he gave a deed with a warranty of title. For the remainder of the lots, he executed a quit claim deed. The consideration for the entire lots was $800; the two lots, for which a deed with warranty was given, being worth about $250. Minor's title to the lots, which he did not warrant, was derived from one Dickerson, and so described in the deed given to Glasscock, and this title proved worthless. Minor took a deed of trust or mortgage upon the property, to secure the purchase money, and foreclosed the mortgage by regular proceedings in the Circuit Court of Marion. Glasscock paid off $400 of this judgment, and this bill is brought to restrain the collection of the remaining $400, and to annul the contract, and have so much of the purchase money returned as formed the consideration of the lots to which title failed.

The ground upon which this decree is asked, is, that Minor represented to Glasscock, when the treaty for the purchase was on foot, that he had examined all the records, and had ascertained that there was no conveyance from Dickerson, (previous to the one to himself,) and that he considered the title good; which representation was false and fraudulent, inasmuch as there had been a partition, duly recorded in Ralls county, by which Dickerson's interest had been conveyed in 1820, to one Caldwell.

Minor admits all the facts charged in the bill, except fraudulent representations on his part. He admits, that he had examined the Records in Ralls, Marion and Pike, and that he had found no evidence of any conveyance from Dickerson, and that he was of opinion that his title was good, and that he so stated to Glasscock; but he affirms that Glasscock was fully advised of the state of the title, so far as he could give him any information, and that Glasscock was buying on speculation; and that he never knew of any defect in the title, until he read the complainant's bill. He denies all fraud or intentional misrepresentation.

The cause came for hearing on the bill, and answer and testimony.— The only evidence given at the hearing, in addition to the record of the proceeding in the Ralls Circuit Court, by which partition was made, was

of Minor's counsel, who stated, that he had received the $800 note from Minor for collection, and that Glasscock paid him $400, after the suit had been commenced by Caldwell's heirs for the lots, without saying any thing about fraud, and that Glasscock had never said anything about fraud, as far as the witness knew, until the collection of the remaining $400 (for which the note was given) was pressed. The bill was dismissed.

There is no material difference between the charges in the bill, and the admissions of the answer, except in the matter of fraud. The charge of the bill is, that Minor represented, that he had examined the records of certain counties, and found no conveyance from Dickerson; and that there was in fact a proceeding in the records of the Circuit Court of Ralls county, affecting Minor's title, of which he was aware at the time he made the above representations. Minor denies all knowledge of this record, and there is no proof to contradict his answer. Minor admits, however, that he made the statement charged in the bill, and that it turns out that there was a proceeding on the records of the Ralls Circuit Court which defeated his title. Of this proceeding he had no knowledge until this bill was filed.

As the case stands, there is no pretence of actual fraud. The question, however, still arises, whether Minor's mistake has not equally mislead the complainant, and if so, whether he will not be compelled in a court of equity to make good his representations.

There are numerous cases in the books in regard to misrepresentations concerning the *quality of the land sold*, and it seems to be a very prevalent opinion in cases of this character, that even an innocent mistake, by a party selling, where it operates as a surprise and imposition on the other party, in a matter forming a material inducement to the purchase, will be regarded as a fraud in law, and will authorize a court of equity to set aside the contract. The doctrine of these cases would not apply to representations as *to title*, where such representations were of mere matters of opinion, but where false representations of facts have been made touching the title, there is no reason why they should not have the same effect upon the contracts as though they concerned the character or condition of the land sold.

This misrepresentation must, however, not only be in a material matter, but it must be in a matter, concerning which, confidence is reposed in the party making it, and by which the other party is actually mislead. Where both parties rely on their own judgment, and the matter about which the representation is made is a mere matter of opinion, equally

open to the examination of each, a court of equity cannot interfere. Smith vs. Richards, 13 Peters, 26.

The manner in which Minor's mistake is accounted for, leaves no room for any suspicion of fraud. The proceeding which vitiated his title, was a partition among the heirs of Dickerson, and of course was only recorded among the records of the regular proceedings of the Circuit Court of Ralls county. Minor's search was no doubt confined to the books of deeds, &c. Minor gave the complainant all the information which he himself had in relation to the title, and the complainant was buying upon speculation. The deed was a mere quit-claim deed, and contained no warranty, except against Minor and his heirs, and it is obvious that neither Glasscock or Minor had full confidence in the validity of the title. But the conduct of the complainant is, in our judgment, conclusive upon the question. After the note given for the lots had been placed in the hands of a lawyer for collection, Glasscock promised to pay the money, without saying any thing about fraud, and this occurred after the suit of Caldwell's heirs had been instituted. Suit was brought by Minor upon the mortgage, and a judgment obtained, and four hundred dollars paid by Glasscock upon the judgment, without objection, and it was not until the collection of the remaining four hundred dollars was pressed that Glasscock, the complainant suggested his defence of fraud. Is not this long delay conclusive that Glasscock understood the matter as Minor had, and that he was not in fact mislead by these representations of Minor, and that he did not confide in them? The defence of fraud would seem to be an afterthought. We do not mean that a mere delay in asserting his rights should be visited upon the complainant as a forfeiture, but that this circumstance, connected with the other facts in the case, is sufficient to satisfy us, that the complainant and defendant were dealing with each other upon their respective judgments of the value of the title. This is therefore not a case in which a misrepresentation of facts, innocently made, should be construed as a fraud, because the long silence and acquiescence of the complainant, after the defect of title was discovered, shows that the statement of the defendant had not induced the purchase.

The other Judges concurring, the decree is affirmed.