## CROSS v. WILLIAMS, *Appellant.*

| 72 | 577 |
|---|---|
| 35a | 197 |
| 72 | 577 |
| 48a | 408 |
| 72 | 577 |
| 111 | 363 |
| 72 | 577 |
| 60a | 252 |
| 72 | 577 |
| 61a | 523 |
| 72 | 577 |
| 82a | 396 |

1. **Lost Writing**: PRACTICE: ORDER OF PROOF. In a suit upon a writing alleged to be lost, the court admitted evidence of the contents of the writing first, and of its loss afterward; *Held,* not reversible error.

2. ———: NOTICE TO PRODUCE: SECONDARY EVIDENCE. In a suit upon a written instrument, the petition alleged that the writing was either lost or destroyed or in the possession of the defendant. *Held,* that this dispensed with the necessity of notice to produce the writing as a foundation for the introduction of secondary evidence.

3. **Contract, in form Joint, when Several**: PARTY TO SUIT: COVENANT OF INDEMNITY. Where a contract with two or more persons, though in form joint, is founded upon a separate consideration moving from each, and there is nothing to exclude the inference

37—72

that it was intended to be several, it will be so construed, and any one of the parties may maintain an action on it for a breach affecting himself only. Thus, where one of the sureties in an official bond covenanted to indemnify his co-sureties against liability on the bond, and one of the latter was compelled to pay part of a defalcation of the principal; *Held*, that he could sue alone upon the covenant.

*Appeal from Cape Girardeau Court of Common Pleas.*—HON. H. G. WILSON, Judge.

AFFIRMED.

*Wilson Cramer* for appellant.

If the supposed contract was made to the sureties jointly, it was necessary for all to join in the suit; one alone could not sue. *Welles v Gaty*, 9 Mo. 565; *Robbins v. Ayres*, 10 Mo. 538; *Clark v. Cable*, 21 Mo. 223; *Dewey v. Carey*, 60 Mo. 224.

NORTON, J.—In the year 1866, William H. Hamilton was appointed United States Revenue Collector for the second district of Missouri, and was required, as such, to give bond in the sum of $50,000, for the faithful discharge of his duties. Hamilton executed the bond with James Conran, John Beardslee, J. C. Ranney, William Cross, (the plaintiff in this suit,) and H. H. M. Williams, (the defendant,) as his sureties. For some alleged default on the part of Hamilton, suit was brought upon the bond against him and his sureties, and judgment was obtained for the sum of $3,400. An execution was issued, and, Conran being dead, and Beardslee and Ranney insolvent, the amount of the judgment was collected from Cross and Williams, each paying $1,700.

This suit is now brought by Cross against Williams to recover the $1,700, which Cross was compelled to pay, as stated, and the alleged ground of recovery is, that at the time of the execution of the official bond of Hamilton, Williams, in consideration of $1,000 to be paid to him an-

nually by Hamilton, had agreed, in writing, to save and keep harmless the other sureties from loss by reason of their suretyship. The petition alleged that this agreement in writing was lost or destroyed or in defendant's possession. Upon the trial plaintiff obtained judgment for $1,754, from which defendant has appealed, and assigns as chief grounds of error, the action of the court in receiving and rejecting evidence, and in giving on behalf of plaintiff the following instruction, viz: " The court instructs the jury that, if you are satisfied from the evidence in this case that the defendant, Williams, agreed in writing with his co-sureties, Cross, Beardslee, Conran and Ranney on the bond of Hamilton as United States Collector, to hold them harmless from any loss that might be occasioned by the default of Hamilton, and that the plaintiff, Cross, was compelled by reason of the default of said Hamilton, to pay any sum on said bond, you should find for the plaintiff, and assess his damages at such sum as may be established to your satisfaction, the said Cross was compelled to pay on said bond, not exceeding the amount claimed in the petition of plaintiff."

The answer of defendant admits the execution of the bond by Hamilton and also by himself and the other securities named in the petition, admits the death of Conran, one of the sureties, and the insolvency of the other two, Beardslee and Ranney, admits that plaintiff was compelled as surety to pay the sum of $1,700, as charged in the petition, but denies that defendant made an agreement in writing whereby he bound himself to indemnify or save harmless plaintiff and his co-sureties from loss incurred by reason of their suretyship.

On the trial plaintiff introduced a witness, who, after stating that an agreement in writing had been signed by 1. LOST WRITING: defendant, was asked to state its contents. practice: order of proof. This was objected to by defendant, on the ground that the petition alleged that the writing was either lost or in the possession of defendant, and that, before the

contents could be proved, its loss must be shown and notice given to defendant to produce it. The objection was overruled on the promise of plaintiff to prove the loss of the writing during the trial. While the rule is well established that before the contents of an alleged lost writing can be shown, its loss must be established to the satisfaction of the court; yet, when the evidence as to its contents is first received and satisfactory proof made of its loss afterward, the mere fact of reversing the order for the introduction of evidence cannot be considered as reversible error, especially when the evidence, as in the present case, as to the loss of the writing, is full and satisfactory. *State v. Linney,* 52 Mo. 40.

Notice to defendant to produce the writing was unnecessary. The petition alleged that it was lost or in the

2. ——: notice to produce: secondary evidence. possession of defendant, and from the very nature of the proceeding defendant was notified that he was charged with the possession of it, and that its contents would be drawn in question on the trial, and in all such cases it is unnecessary to give notice for the production of such writing. *Hart v. Robinett,* 5 Mo. 11.

It is insisted by defendant's counsel that the instruction given on behalf of plaintiff is erroneous and violative

3. CONTRACT, IN FORM JOINT, WHEN SEVERAL: party to suit: covenant of indemnity. of that well established principle of law that when a promise is made jointly to two or more, all to whom it is made must sue. It may be conceded that, when a contract is made with two or more to pay money or do a certain thing, and nothing appears on the face of the contract to show a several interest in the premises, all must sue for a breach of such contract. This is settled by the case of *Clark v. Cable,* 21 Mo. 223, and other cases decided before and since, down to the case of *Henry v. Mount Pleasant Township,* 70 Mo. 500. But the question in this case is, does the contract sued upon come within that class of cases? We think it does not, but rather within that class where the contract, though in form joint, creates a several interest, of which class the

case of *Sharp v. Conkling*, 16 Vt. 355, is a representative, where it is said by Justice Redfield that the rule is perfectly established, that where the interest in the subject matter secured by a covenant is several, although the terms will naturally bear a joint interpretation, yet if they do not exclude the inference of being intended to be several, they shall be so taken; they shall have a several construction put upon them. Applying to the contract in question this rule in connection with the one laid down by Mr. Parsons in his work on contracts, page 18, where it is said: "The nature, and especially the entireness, of the consideration is of great importance in determining whether the promise be joint or several; for if it moves from many persons jointly, the promise of re-payment is joint, but if from many persons, but from each severally, then it is several;" and we think the construction put upon the contract by the trial court in its instruction, was the proper one. If the consideration for the promise of indemnification made by defendant was that the securities should go on Hamilton's bond as collector, though it moved from many persons, yet it moved from each one severally, and each security incurred a several as well as joint liability. The promise, though made to all to indemnify them against loss by reason of such suretyship, unquestionably created a liability to indemnify any one upon whom the loss might fall; and it being admitted that plaintiff had sustained a a loss of $1,700 by reason of his suretyship, that one of the securities was dead and the other two insolvent, it is clear that plaintiff is the only one of the promisees who has any interest either in the subject matter of the suit or in the relief demanded; and under the code, which requires a suit to be brought in the name of the party really interested, plaintiff's right to maintain this action might be upheld.

Mr. Bliss, in section 63 in his work on Code Pleadings, in speaking of the effect of the rule requiring the real party in interest to sue, upon cases where the obligation is to more

than one, that is, where the contract seems to be made to the obligees jointly, but the money to be paid or thing to be done for the benefit of each is specified, observes: "This is spoken of as a joint interest because by the form of the agreement the obligation to them is joint although there is no joint interest in the benefit to be derived from it." And Mr. Parsons justly calls it a strictly legal and technical interest. Under the former rule requiring that the action be brought in the name of the party or parties in interest having the legal interest, that is those to whom the promise is made and from whom the consideration springs, it may be properly said that all should sue because the promise is made to all; but there is no such rule now in force, and a promisee in a contract for the benefit of another can sue in his own name only by virtue of one of the exceptions to the general rule. Those to whom a promise is made for the benefit of another may bring an action in their own names by virtue of their trust relation, but the person in whose interest the agreement was entered into may himself sue at his election; and in the case under consideration each person entitled to the benefit of the agreement should be permitted to bring an action for his individual interest."

It is also insisted that the evidence does not support the verdict. The evidence is conflicting in regard to what the contract was, but it does not so preponderate in defendant's favor as to show that the verdict of the jury was the result of passion or prejudice, and we cannot, under repeated rulings of this court, disturb it on the ground that it is against the weight of evidence. Judgment affirmed. All concur.