SMITH PARKS, Appellant, v. JACK P. RICHARDSON, Respondent.

St. Louis Court of Appeals, March 19, 1889.

Res Judicata: IDENTITY OF PARTIES AND SUBJECT OF ACTION. The plaintiff and one Davis, as partners, sued the present defendant on account for certain lumber, which is the subject of the present suit. Judgment was then rendered against the plaintiffs on the ground that the lumber was not the property of the parties suing, but was the property of Davis and one George Parks. Afterwards, the plaintiff, by sundry assignments, acquired the interest of Davis and instituted the present suit, which was met by the plea of res judicata. Held that, upon the facts, as stated, the defense was properly sustained.

*Appeal from the St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

AFFIRMED.

*J. K. Hansbrough*, for the appellant.

Before a question, in dispute, can be concluded by a former trial, it must appear: (1) That the identical

question was directly and properly in issue, between the same parties in that trial; and it rests upon the party, setting up the trial as an estoppel, to show that the matter in question was adjudicated by it. *Parker v. Roberts*, 63 N. H. 431    (2) That it was tried upon the merits, and determined.    (3) The trial and determination must be mutually binding, and (4) the verdict and judgment must necessarily involve its determination; that is, the record or extrinsic evidence of the former trial must show that the verdict could not have been rendered without deciding the particular matter in controversy    *Bell v. Hoogland,* 15 Mo. 360; *Hempstead v. Easton*, 33 Mo. 142; *Wright v. Saulsbury*, 46 Mo. 26; *Spalding v. Conway*, 51 Mo. 51; *Hickerson v. City of Mexico*, 58 Mo. 61; *Sweet v. Maupin*, 65 Mo. 65; *Packet Co. v. Sickles*, 5 Wall. 592; Wells' Res Adj., sec 3, p. 3. The matter of this suit was not adjudicated in the former suit; it was not presented by the pleadings, and, therefore, could not have been adjudicated. *Hubbard v. Flint*, 58 Miss. 266. In the former suit it was alleged that plaintiffs were partners in the subject-matter of the suit, and that allegation was controverted by the answer. There was no allegation of joint ownership as tenants in common, nor was there any denial of that fact, or any attempt to prove it. Had plaintiffs proved it, under the pleadings, it could have availed them nothing. "The test, whether a former action and determination form a bar, is whether the evidence offered in the second action would have supported the first." *Miller v. Mannice*, 6 Hill, 114, 121; *Kirkpatrick v. Stingley*, 2 Ind. 269; *Railroad v. Clark*, 21 Ind. 150; *Town v. Simms*, 5 N. H. 259; *King v. Chase*, 15 N. H. 9. The fact that plaintiff, in the former suit, claimed an interest in this item as a partner with E. E. Davis, does not now estop him from claiming as a joint owner or tenant in common. Even if this court should now hold

that the former suit is a bar to the prosecution of any action for Smith Parks' original interest, then, I submit that he has the right, as the owner of Davis' original interest by assignment since the former suit, to recover in this suit, at least, that interest.

*Phillips & Stewart* and *Eleneious Smith*, for the respondent.

The fixed doctrine of *res adjudicata* is : "Where two or more successive actions are identical as to the parties, the alleged cause of action and the relief demanded, a judgment upon the merits in the first action will estop any and all parties from maintaining the subsequent one." Herman on Estoppel and Res Adjudicata, sec 243; *Ehle v. Bingham*, 7 Barb. 494; *People v. Smith*, 51 Barb. 363. In the present case the cause of action is the same as in the first, the same relief is demanded and the parties are the same. Herman on Estoppel and Res Adj. (1886) sec. 94; *Denegre v. Denegre*, 33 La. Ann. 689; *Barker v. Cleveland*, 19 Mich, 230; *Stoddard v. Thompson*, 31 Iowa, 80; *Davenport v. Barret*, 51 Ind. 329; *Thompson v. Roberts*, 24 How. (U. S.) 233; *Lawrence v. Hunt*, 10 Wend. 80; *Rapelye v. Prince*, 4 Hill, 119. "Where the court in a former action between the same parties had jurisdiction over the subject, and the parties and the questions of fact were the same as in the subsequent action and were necessary to its decision, and either were, or might have been, litigated in that suit, and the final hearing was on its merits, the judgment is *res adjudicata* as to all those things that were, or under the pleadings might have been, controverted in that action." Herman on Estoppel and Res Adj., sec. 259. Where a plaintiff brings an action against a defendant, and the declaration contains several causes of action and he gives evidence on all counts, but for want of evidence fails in establishing some of them, the judgment is an estoppel to another action on the counts he has failed to sustain. And this

is so, even though the particular item was withdrawn from the jury. Herman on Estoppel and Res Adj., secs. 217–218 ; *Piney v. Barnes*, 17 Conn. 420.

ROMBAUER, P. J., delivered the opinion of the court.

In 1881, the plaintiff and one Davis brought suit in the St. Louis circuit court against the defendant upon a lumber account in which they claimed to be partners. The account consisted of a number of items and evidence was offered in support of all. The court found that the first of these items, being the identical item now sued upon was not the property of the partnership then suing, but was the property of a firm composed of George Parks and the plaintiff Davis, and thereupon rejected that item altogether, and made a finding on the merits as to the residue of the items. That finding the court reduced to writing, which writing concludes as follows :

"I have written out these findings, so that they may be preserved for use in determining how far this judgment is a bar in any subsequent litigation as to proceeds of the sale of the first consignment," meaning the first item and the item now sued upon.

Judgment was entered upon the finding of the court, and such judgment was affirmed upon appeal, and became a finality.

Subsequently thereto, the plaintiff Davis made an assignment of his right to one Brockman, who assigned to the plaintiff, and the plaintiff thereupon instituted the present action for the recovery of this item claiming that he and Davis were, in the year 1880, joint owners and tenants in common of this lumber, and entitled to an account for its proceeds from defendant, that he had become the assignee of Davis since, and is entitled to maintain an action for the entire proceeds against the defendant.

The defendant interposed the defenses of the statute of limitations, payment, and former adjudication,

but the parties agreed that the trial court should hear evidence on the last of these defenses alone, and, if it found that issue for the defendant, should render judgment in his favor, but if for the plaintiff should set the case for hearing on the other issues. The case was heard under the agreement, the trial resulting in a judgment for the defendant.

The errors assigned by plaintiff are, that the court erred in refusing his instructions, and that the judgment under the admitted facts should have been for the plaintiff on this issue. As the case stands upon the pleadings and documentary evidence, and upon admitted facts alone, instructions have no office to perform, and the only question for our consideration is, was the court warranted in rendering a judgment in defendant's favor upon the admitted facts?

The rule is, that, where two or more successive actions are identical as to the parties, the alleged cause of action, and the relief demanded, a judgment upon the merits in the first action will estop any and all parties, and their privies from maintaining the subsequent one. Herman on Estoppel, and Res. Adj., sec. 243.

Applying this rule, it is evident that the judgment rendered in the action brought in 1881, when tested by the record alone, is a bar to the present proceeding. Since the parties were the same, and the judgment was upon the merits upon the identical cause of action prosecuted now, the mere fact, that plaintiff and Davis then sued as partners, and plaintiff now sues upon an allegation that their relation was not that of partners, but that of joint owners and tenants in common, can make no conceivable difference, since their right of recovery was in no way affected by the question whether they were partners or joint owners, but by the question whether they had a joint interest in the cause of action against the defendant.

The plaintiff contends that even if precluded by the

record proper in the former suit to the extent of his original rights as co-owner, still he is not precluded to the extent of his rights derived from Davis, and may in this action recover to the extent of that interest which is one-h..lf of the claim. That argument is fallacious. If we are at liberty to consider the written finding of the court in the former action, for the purpose of determining the extent of its adjudication, we are bound to consider the entire finding. It appears by such finding that the plaintiff was defeated as to this item in the former action, because he had no interest in it whatever, and that Davis was defeated therein because he had no several interest therein, but a joint interest with one George Parks, who was no party to the suit. Davis could not make his interest, which was a joint one with George Parks, a several interest by assigning it, hence the plaintiff can no more recover a several judgment upon Davis' interest in that item in the present action, than Davis could if he were the plaintiff, and that Davis could not has been expressly decided in the former suit.

Where a right is vested in two jointly, neither can, without the concurrence of the other, maintain an action looking to its enforcement. The statute, which makes contracts joint at common law joint and several, has no application to such a case. That was decided in *Clark v. Cable*, 21 Mo. 223, and has been reaffirmed repeatedly since. *Dewey v. Carey*, 60 Mo. 224; *Henry v. Mount Pleasant Township*, 70 Mo. 504; *Cross v. Williams*, 72 Mo. 580; *Ryan v. Riddle*, 78 Mo. 523.

Thus it will be seen that whether we regard the question determinable by the record in the former suit alone, or as determinable by such record in conjunction with the written finding of the court, the result is still the same, and the judgment of the trial court, holding that the plaintiff is barred by the former adjudication, is warranted in either event.

Judgment affirmed. All the judges concur.