JOHN A. MULDROW, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, May 7, 1895.

1. **Railroads**: DESTRUCTION OF ADJOINING HEDGES: RELEVANCY OF EVIDENCE. In an action for damages for the destruction of a hedge by fire communicated by sparks from a locomotive, evidence of the cost of the hedge is relevant to the question of damages; and so is evidence that the destruction of such hedges injures the ornamental appearance of the land on which they stand, and thus slightly depreciates the value of the land.

2. **Husband and Wife**: RECOVERY FOR INJURY TO PROPERTY OF WIFE. Under our statutes a husband has no right of action for the total or partial destruction of his wife's property.

3. ———: NONJOINDER OF PARTIES UNITED IN INTEREST: RIGHT OF RECOVERY. All parties who are united in interest must be joined as plaintiffs in an action for damages to their joint interest; in the event of suit by one of them alone, he can not recover for his aliquot share. Accordingly, when land is held by husband and wife as tenants by the entirety, a recovery for an injury thereto is not warranted in an action by the husband alone.

4. ———: ———: PRACTICE, APPELLATE. But, it appearing in such an action that a retrial would not produce any change in result, a verdict and judgment therein in favor of the husband alone was allowed to stand on condition that a proper release of further claims against the defendant was filed by him and his wife jointly.

*Appeal from the Ralls Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED CONDITIONALLY.

*Jackson & Montgomery* for appellant.

(1) The correct measure of damages on account of the burning of the hedges and the meadows, was the difference in the market value of the land before and after the respective fires. *Shannon v. Railroad*, 54 Mo. App. 223. It was, therefore, error to admit evidence of the price or value of the hedge per rod, and of the meadow per acre. (2) The plaintiff held the south half of the one hundred and sixty acres of land jointly with his wife as tenant by the entirety. He was, therefore, not entitled to recover the whole of the amount of any depreciation of the estate. The court should, therefore, have given defendant's peremptory instructions as to the first and second counts, and should also have given defendant's fifteenth instruction, and should have set aside the verdict and judgment. Bliss on Code Pleading, secs. 24, 25, 61 and 62; 1 Chitty on Pleading, 64, 65 and 74; 1 Bright on Husband and Wife, 64; R. S. 1889, secs. 1994 and 6869; *Hall v. Stephens*, 65 Mo. 670; *Wentworth v. Remick*, 47 N. H. 226; *Campbell v. Wallace*, 12 N. H. 362; *Webster v. Vandeventer*, 6 Gray, 428; *Clapp v. Stoughton*, 10 Pick. 460, loc. cit. 469; *McCurdy v. Canning*, 64 Pa. St. 39; *Fairchild v. Chastelleux*, 1 Pa. St. 176; *Park v. Seattle*, 35 Pac. Rep. 594; *Bertells v. Nunan*, 92 N. Y. 152; *Vunk v. Railroad*, 28 Atl. Rep. 593; *Russell v. Russell*, 26 S. W. Rep. 677. This objection was properly raised by the demurrers to the evidence, and by the peremptory instructions prayed by defendant. *Campbell v. Wallace*, 12 N. H. 362; *Webster v. Vandeventer*, 6 Gray, 428.

*Thomas H. Bacon* for respondent.

ROMBAUER, P. J.—This is an action to recover damages for the injury to plaintiff's farm by accidental fires, engendered by sparks from defendant's locomotives. The petition charges that one of these fires occurred on September 4, 1893, and destroyed forty rods of hedge and the stubble pasture of thirty-nine acres, and that the other occurred on the sixteenth day of the same month and destroyed forty rods of hedge, five acres of meadows and a plow beam owned by the plaintiff, and that the plaintiff was put to some expense in extinguishing these fires, for which he seeks to recover compensation. The petition contains four counts. The first claims $205 damages for the destruction of the hedge on September 4, and the third $43.50 for the destruction of plaintiff's oats stubble and for labor. The second count claims $225 for the destruction of the hedge and the meadow on September 16, and $4.50 for the destruction of the plow beam, and labor. The answer is a general denial. The cause was tried by jury, the trial resulting in a judgment for plaintiff for $282. The verdict on the respective counts in their numerical order was $192, $80, $7, and $3. The defendant appeals, and assigns for error the admission of illegal evidence, and the refusal of proper instructions, and also that the *amount* of the verdict on the first count is not supported by any evidence.

The first assignment of error is based on the claim, that the evidence bearing upon the measure of damages was admitted on an erroneous theory as to the true measure of damages in this class of cases. We decided in *Shannon v. Railroad*, 54 Mo. App. 223, that, where hedges which are part of the freehold are destroyed, the measure of damages consists of the difference

between the value of the land on which they grew, before and after their destruction. The defendant claims that the rule there stated was violated by the reception of testimony in the case at bar, because the court permitted evidence to go to the jury touching the value of these hedges per lineal rod, and an exception was saved to this ruling.

An examination of the printed record satisfies us that this assignment is untenable. The trial court was careful to so adjust its rulings, both on the evidence and in its instructions, as to conform with our views in *Shannon v. Railroad, supra.* It was only after the defendant's counsel had, in cross-examination of plaintiff's witnesses, attempted to show the exaggerated estimate which these witnesses had placed on the value of similar hedges, that the plaintiff's counsel in re-examination was permitted to show the cost of raising them and their durability and usefulness. That the cost of producing such hedges has some bearing upon the value of the lands they seek to enclose can not be gainsaid. One of the elements tending to show the reduction in value by the removal of the integral parts of a farm is the cost and necessity of its replacement. Nor was there any error in permitting some of the witnesses to testify to the fact, that the partial destruction of such hedges by fire injures the ornamental appearance of the lands, and thereby slightly depreciates their value. Nor is there anything in the verdict having any tendency to show that the jurors were mislead by the rulings of the court. The finding is almost uniformly below the estimate of damages testified to by the witnesses.

No complaint is made in the motion for new trial that the verdict is excessive. There is a complaint made, however, that it is not supported by the evidence. We have examined the evidence bearing on the damages awarded on the first count, and find that in one

view it would support a recovery of over $300 on that count alone. The verdict on that count was for $192, and the entire recovery on all the counts was only for $282. The complaint that the verdict either in detail, or in the aggregate, is not supported by *any* evidence, is, therefore, untenable.

It appeared in course of the trial, by evidence offered by plaintiff, that one half of the land which was thus injured by these successive fires was not owned by the plaintiff alone, but was owned by himself and wife as tenants by the entirety. That part of the land was conveyed to the plaintiff and his wife on the first of October, 1889. It did not appear on the one hand when the plaintiff and his wife had intermarried, nor did it appear on the other hand whether plaintiff's wife was still living. The defendant, after this evidence was introduced, objected to the reception of further evidence touching any injury of that part of the land, on the ground that plaintiff's wife was not a party to the suit. The defendant also saved this objection by a general demurrer to the evidence.

Section 1994 of the code provides that parties who are united in interest must be joined as plaintiffs. In case of a nonjoinder there can be no recovery by the party suing for his aliquot part. *Rainer v. Smizer*, 28 Mo. 310; *Ryan v. Riddle*, 78 Mo. 521. The plaintiff, as husband and tenant by the entirety, was either entitled to recover for the entire injury to the freehold, or else he could not recover at all, unless his wife was joined with him as coplaintiff.

At common law an action for injury done to the freehold of the wife could be brought by the husband alone, although the better practice was to join the wife as coplaintiff. *Fairchild v. Chastelleux*, 1 Pa. St. 176; *Allen v. Kingsbury*, 16 Pick. 235; *Talmadge v. Grannis*, 20 Conn. 296. Some courts hold, with apparent

reason, that, where the right of action survives to the wife, she must be joined as a party plaintiff. *Parke v. City of Seattle*, 8 Wash. 78. But, whatever the true rule at common law was, it is evident that, in view of the statute of this state which fully recognizes the separate property rights of the wife even as against her husband, and prohibits the disposal of her property by him without her written consent, the husband's separate right of action for the partial or total destruction of the wife's property can not be upheld. Such is the view taken of the effect of a similar statute in New Jersey. *Vunk v. Railroad*, 28 Atl. Rep. 593.

We must conclude that the court erred in not sustaining the demurrer to the evidence on the ground that plaintiff's wife as tenant by the entirety was a necessary party plaintiff. The judgment, however, need not be reversed on that account, as the only possible injury done to the defendant by such ruling is that it might be subjected to a further action by the wife for the same injury. Since a retrial of the cause with proper parties would lead to the same result, the defect can be remedied by appropriate action in this court.

It is ordered that, upon the deposit by the plaintiff and his wife in this court, within two weeks from this date, of their joint release to the defendant of all further action for the trespasses complained of in the case at bar, the judgment herein be affirmed. If they fail to do so, it will be reversed and the cause remanded. All the judges concur.