ELIZA W. CULVER, Respondent, v. D. H. SMITH et al., Appellants.

Kansas City Court of Appeals, January 8, 1900.

1. **Parties: ACTION: JOINT CONTRACT: CONSIDERATION.** Joint obligees must both sue upon the contract, and a contract dismissed in the opinion is held to be a joint contract having a joint consideration.

2. **Equity: DECEIT: FRUITS OF BARGAIN.** Deceit rests upon fraudulent motive, but it is against good conscience that a party keep the fruits of a bargain obtained by his representation which turns out to be false; and, on the evidence and pleadings in this record, it stands admitted that the representation as to title of certain land was false.

3. **Release: PAYMENT BY ONE JOINT OBLIGEE: PLEADING: PRACTICE.** An answer asked a credit for a payment made by one of the joint obligees after suit brought but pleaded no release on that ground. Defendants can not change their position in the appellate court and claim such payment as a discharge.

4. **Appellate Practice: EVIDENCE: CONFLICTING: FOLLOWING TRIAL COURT.** The trial court is in a better position than the apellate to weigh the conflict in the evidence in this record.

5. **———: PARTIES: REVERSAL: JUDGMENT FOR RIGHT PARTY: RELEASE.** Where the judgment is for the right party the appellate court will not reverse by reason of non-joinder of a party if in the designated time the release of such party be filed.

Appeal from the Jackson Circuit Court.—*Hon. J. H. Slover,*
Judge.

AFFIRMED (*si*).

*Fyke, Yates, Fyke & Snider* and *Montgomery & Montgomery* for appellants.

(1) The contract read in evidence was a joint contract,
and the right of action thereon was joint. There are no
words in the contract of severance to produce a severed right.
The right of action being joint, one party to it suing alone
was not entitled to recover. 1 Parsons on Contracts [5 Ed.],
p.11; Henry v. Mt. Pleasant Township of Bates County, 70
Mo. 500; Ryan v. Riddle, 78 Mo. 522, 523; Churchill v.
Lammers, 60 Mo. App. 250; Board, etc., St. Louis Public
Schools v. Estate of Savings Bank, 12 Mo. App. 106; s. c.,
affirmed in 84 Mo. 56; Webb's Pollock on Torts, p. 653;
Dewey v. Carey, 60 Mo. 224, 225, and cases cited; Parks v.
Richardson, 35 Mo. App. 197; Clark v. Cable, 21 Mo. 225;
Rainey v. Smizer, 28 Mo. 311; Ohnsorg v. Turner, 33 Mo.
App. 487; Muldrow v. Railway, 62 Mo. App. 345; McLaran
v. Wilhelm, 50 Mo. App. 658; Cross v. Williams, 72 Mo.
580; Wilson v. Railway, 120 Mo. 58; Schubert v. Herzberg,
65 Mo. App. 584. (2) The settlement and discharge of
Fernald, one of the joint tort-feasors, in full from all liability
for the consideration of $500 paid by him, was a discharge
also of his co-defendants. Turner v. Hitchcock, 20 Iowa,
319 Finlay v. Bryson, 84 Mo. 664; McDonald v. Forsyth, 13
Mo. 549; 46 Central Law Journal, No. 19, p. 390, and authorities cited. (3) There was no evidence of any fraud on
the part of the defendants or of any fraudulent representation
by them or either of them to the plaintiff. The whole of the
evidence on this point is that contained in the contract between the parties. The plaintiff has elected to affirm the

contract, and he can not now sue for and recover damages for false representation, except by proving the fraud. Yeater v. Hines, 24 Mo. App. 628. (4) The finding of the court is contrary to the great weight of evidence.

*Kinley, Carskadon & Kinley* for respondent.

(1) The representations not known to be true, were under the law fraudulently made by defendants. Sitz v. Deihl, 55 Mo. 17; Skinner v. Rurnell, 52 Mo. 96; Williams v. Crow, 84 Mo. 298; Woodhall v. Kelly, 85 Ala. 368; Yeomans v. Bell, 29 N. Y. Sup. 502. (2) The acts of defendants in representing that the Kansas City & Southern Lumber Co. owned these lands, when it did not, was fraudulent. The rule is, where a party to a bargain makes to the other party a statement of a material fact which he either knows to be false, or which he does not know to be true at the time he makes it, and the other party acts upon the representations to his loss, this entitles him to equitable relief. It is against good conscience for a party to keep the fruits of a bargain obtained by such means. Caldwell v. Henry, 76 Mo. 254; Walsh v. Morse, 80 Mo. 568-573; Florida v. Morrison, 44 Mo. App. 529; Ring v. Vogel, 44 Mo. App. 111; Biglow, Fraud, 11; Redgrave v. Hurd, 20 Chy. Div. 1, 12 e. a.; Cooley on Torts, 586; Glasscock v. Minor, 11 Mo. 655; Hamlin v. Abell, 120 Mo. 188. (3) The defendants have waived any claim concerning the alleged misjoinder of parties. If the misjoinder exists and does not appear on the face of the petition, it should be raised by answer, and a failure to raise the question is a waiver thereof. (4) Conceding this suit to be based on the contract between defendants and E. W. and H. A. Culver, the considerations for the agreement coming separately from each of them, as alleged in the petition, and both admitted and alleged in the answer, makes the contract a several instead of a joint contract. The rule is, that

if the consideration moves from many persons jointly the promise is joint; but if the consideration moves from many persons, but from each severally, then the contract is several. 1 Pars. Cont. Marg., p. 18; Bush v. Haeussler, 26 Mo. App. 265; Cross v. Williams, 72 Mo. 577; Sharp v. Conkling, 16 Vt. 355. (5) The settlement with Fernald was not an effort on the part of plaintiff or Fernald to settle the entire claim, but to release Fernald. Even if it did discharge defendants (which is strenuously denied) the defendants can not now for the first time in this court raise the question. Hyde v. Hazel, 43 Mo. App. 668; Cooke v. Railroad, 57 Mo. App. 472; Brown v. Weldon, 27 Mo. App. 251; Noble v. Blount, 77 Mo. 235; Stones v. Richmond, 21 Mo. App. 17; Hammerslough v. Cheatham, 84 Mo. 13; Bray v. Marshall, 75 Mo. 327.

SMITH, P. J.—The petition is in two counts, in the first of which it is alleged that the plaintiff was the owner of certain real estate in Kansas City, in this state, describing the same, and that the defendants were the owners of 400 shares, being the entire capital stock, of the Kansas City & Southern Lumber Company; that the defendants falsely represented that the said corporation had the title to 8,700 acres of land situated in the state of Arkansas, and that, relying upon said false representations the plaintiff made a contract with the defendants by which they agreed to transfer to the plaintiff 300 shares of stock in said corporation; that in pursuance of said contract, and in consideration of said stock in said corporation, the plaintiff conveyed to the defendants the property owned by him in Kansas City; that the title to 600 acres of the lands represented by defendants to be owned by the corporation had failed, and that thereby the plaintiff's stock depreciated to the extent of $6,000. Judgment was demanded against the defendants for $6,000 and that his vendor's lien be enforced against the said real estate conveyed by

him to the defendants. And the other is a duplicate of the first, except that it is therein alleged that `H. A. Culver owned certain other real estate in Kansas City, and that he made a contract with defendants for the exchange of the said real estate for 100 shares of stock in said corporation, and that by reason of the failure of the title to the aforesaid 600 acres his said stock was depreciated in the sum of $6,000, and that he had assigned "his claim against the said defendants" for a vendor's lien on account of "the failure of the title" to the plaintiff. Judgment was demanded for this sum of $6,000 and for the enforcement of a vendor's lien.

The answer contained numerous admissions and denials which need not, in this connection, be referred to. There was a trial and decree for the plaintiff. Defendants appealed.

During the progress of the trial the contract referred to in the petition was introduced in evidence by plaintiff which recited, (1), that the stockholders in the said Lumber Company (who are defendants herein), transferred the 400 shares of stock in said Lumber Company to E. W. Culver and H. A. Culver, which stock represented 8,700 acres of land owned by said Lumber Company, etc.; (2), that the consideration to be paid by said Culvers for said 400 shares of stock was the transfer to said stockholders of certain real estate in Kansas City—describing it; (3), that the said stockholders agreed that the title of said lumber company to said 7,800 acres of land "was good and sufficient title to hold said land."

At the conclusion of the plaintiff's evidence the defendant interposed a demurrer thereto on the ground that if any right of action had accrued "it was a joint action of the two Culvers and that they must both join in the suit." This was by the court overruled and the action of the court in that regard is assigned here as reversible error.

The ground upon which the plaintiff bases his claim for equitable relief is that by means of the fraudulent representations of defendants as to the title to said 8,700 acres of land,

Culver v. Smith.

plaintiff and H. A. Culver were induced to enter into said contract; that they were induced thereby to enter into a contract by which they agreed to accept a conveyance of said · Arkansas real estate, which invested them with no title to a part thereof, and to convey to defendants, as a consideration therefor, the title to their own real estate. Whether or not the plaintiff can prosecute this action without joining H. A. Culver as a party plaintiff with him depends upon the construction to be placed upon the contract.

It was said by Mr. Justice Redfield in Sharp v. Conklin, 16 Vermont, 355, that, "the rule is perfectly established that where the interest in the subject-matter secured by a covenant is several, although the terms will naturally bear a joint interpretation, yet if they do not exclude the inference of being intended to be several they shall be so taken; they shall have a several construction put upon them." In Parsons on Contracts, 18, it is stated: "The nature and especially the entireness of the consideration is of the greatest importance in determining whether the promise be joint or several, for if it moves from many persons jointly the promise of repayment is joint, but if from many persons, but from each severally, then it is several." Judge Bliss in section 63 of his work on Code Pleading, in speaking of the effect of the rule requiring the real party in interest to sue, upon cases where the obligation is to more than one, that is, where the contract seems to be made to the obligees jointly, but the money to be paid or the thing to be done for the benefit of each is specified, observes: "This is spoken of as a joint interest because by the form of the agreement the obligation to them is joint, although there is no joint interest in the benefit to be derived from it."

It is the well-settled rule of law in this state that when an obligation has been executed to two jointly they must both sue upon it. One of two joint obligees, without the concurrence of the other can not sue upon a joint contract, unless

both agree there can be no action upon it. Clark v. Cable, 21 Mo. 225; Rainey v. Smizer, 28 Mo. 311; Ryan v. Riddle, 78 Mo. 523; Dewey v. Carey, 60 Mo. 224; Ohnsorg v. Turner, 33 Mo. App. 487; Muldrow v. Railway, 62 Mo. App. 431; McLaran v. Wilhelm, 50 Mo. App. 658; Cross v. Williams, 72 Mo. 580; Parks v. Richardson, 35 Mo. App. 197. And there is nothing in the present practice act which affects the law of joint contracts. That act deals only with the mode of procedure and does not affect the law of contracts as it existed prior to its enactment. Clark v. Cable, *ante.* The statute in this regard has remained unchanged since the decision just referred to. R. S. 1889, secs. 1994, 2047; Laws of 1848-49, p. 76, sec. 7; R. S. 1855, p. 1218, sec. 5; Laws of 1848-49, p. 80, sec. 6; R. S. 1855, p. 1231, sec. 10.

Here the contract shows that the obligation of the defendants to the Culvers was joint and the consideration to pass from the latter to the former was joint and not several. It was not specified in the contract of the Culvers in consideration of the joint promise to them, each would convey his individual or separate real estate to the defendants; or, in other words, the contract does not disclose that the consideration for the promise of the defendants to the Culvers was several. The consideration, it clearly appears, was the joint conveyance by them to the defendants of certain real estate. Had it been disclosed by the contract that the consideration for the promise was a conveyance of certain parts of said real estate by each of the Culvers, or that defendants were obligated to convey to each of the Culvers a specified part of said lands, or a specified number of shares each in said lumber company, then, according to the rule announced by the authorities referred to, an action could be prosecuted in the name of each of the Culvers in his own behalf. It seems to us that the terms of the contract here in issue most manifestly bear a joint interpretation and exclude the inference of being intended to be several. The rule requiring, where an obligation is executed to two jointly,

that both must sue upon it, is, we think, applicable to the present case. It follows from these observations that we are unable to approve the action taken by the circuit court on the defendants' demurrer.

It is further insisted by the defendants that there was no evidence adduced tending to prove any fraudulent representations were made to plaintiff by them, or either of them, and for that reason plaintiff ought not to have recovered. The petition, as has been seen, alleged that the defendants falsely and fraudulently represented to plaintiff that the said lumber company had title to said 8,700 acres of Arkansas lands, when it had title to only 8,000 acres, and that the title to 600 acres thereof was in other parties and claimed adversely by them, and that in consequence thereof the title to said 600 acres had failed. It was admitted by the answer that defendant represented to plaintiff that the lumber company had title to the said 8,700 acres of land, and that the title to 240 acres thereof was not vested in the lumber company at the time the exchange was made. The contract itself recites that the lumber company had title to the 8,700 acres of land. It stands admitted by the pleadings not only that the representations as to title were made, but that the same were at least in part untrue. So that the trial court was justified by the admissions in the pleadings and the evidence in finding that the representations were made and that the same were false.

The common law action for deceit rests upon a fraudulent motive, a *scienter*, an intent to cheat or deceive. In actions like this, the fraudulent representations which will entitle the plaintiff to relief need not be of that strict character which is necessary to support a common law action for deceit. Where a party to a bargain makes to the other party a statement of a material fact, which he either knows to be false or which he does not know to be true, at the time he makes it, and the other party acts upon the representation to his loss, this entitles him to equitable relief. It is against good conscience for a

party to keep the fruits of a bargain obtained by such means. Florida v. Morrison, 44 Mo. App. 539; Caldwell v. Henry, 76 Mo. 254; Walsh v. Morse, 80 Mo. 568-573; Ring v. Vogel, 44 Mo. App. 111; Bigelow on Fraud, 11; Redgrave v. Hurd, 20 Chy. Div. 1, 12 e. a.; Cooley on Torts, 586; Glasscock v. Minor, 11 Mo. 655; Hamlin v. Abell, 120 Mo. 188. It seems to us that the admissions of the pleadings and the evidence relating to the falsity of the representations taken together clearly negate the idea that the defendants may have made the representation innocently, or on mistaken information, or upon a *bona fide* belief, founded upon reasonable ground that they were true. We can not doubt that the fraudulent representations were sufficiently established to justify the finding.

The defendants in their answer alleged that since the institution of the suit that the defendant Fernald had paid plaintiff the sum of $500 for and on account of the cause of action set out in his petition and that they were entitled to a credit thereon for that amount. Defendants now claim that this payment had the effect to discharge all of the defendants. There was no plea of release. No such defense was interposed by the answer. The defendants having claimed in the trial court that the payment was but a credit on the cause of action stated in plaintiff's petition, can not be allowed here to take a position at variance with that there taken. This goes with the saying.

The defendants' able and ingenious counsel have argued with much force and plausibility that the finding of the court was against the weight of the evidence. It must be conceded that there was much conflict of opinion amongst the witnesses who testified as to the value of the land to which the title had failed. The court was in a better position to weigh the conflicting evidence than we are; and we can not say that injustice has been done by the finding of the court either on the claim

made by the plaintiff or on the counterclaim set up in the defendants' answer.

We shall not reverse the decree on account of the error in the trial judge in overruling the defendants' demurrer, since a retrial of the cause with proper parties would probably lead to the same result. The defect can be remedied here by appropriate action. Muldrow v. Railway, 62 Mo. App. 431. Accordingly it is ordered that upon the filing by the plaintiff, within ten days hence, of the joint release of plaintiff and his co-obligee H. A. Culver to defendants of all further actions for the fraud and false representation complained of in this case, the judgment herein will be affirmed; otherwise, it will be reversed. All concur.