SARAH J. LEMON, Respondent, v. WILLIAM N. WHEELER, Appellant.

Kansas City Court of Appeals, December 1, 1902.

1. **Sales:** DELIVERY: PLEADINGS: INSTRUCTION: MEASURE OF DAMAGES. On the pleadings in this case an instruction declaring the action was for failure of the defendant to deliver the goods sold, is held a proper declaration, but the rule of damages announced in said instruction is not passed on since it is unnecessary.

2. ———: ———: DECEIT: NON-JOINDER OF PARTIES. An action for failure to deliver the goods sold and not for deceit in inducing the contract must be determined upon the contract to deliver the goods, and where the pleadings and evidence show that one of the parties to whom the delivery was to be made was not joined, the action can not be maintained by the other.

3. ———: ———: ———: ACTION: PARTIES. An action for damages for failure to deliver goods sold can not be maintained against a party who had no interest in the goods to be delivered, though he may have joined in the deceit in inducing the trade and be liable therefor.

Appeal from Livingston Circuit Court.—*Hon. J. W. Alexander*, Judge.

REVERSED.

*Davis & Son, Sheetz & Son* and *Harry K. West* for appellant.

(1) The plaintiff can not recover in this case for the reason that the cause of action, if any exists, is in favor of W. C. Lemon and Sarah J. Lemon, jointly, and not in favor of Sarah J. Lemon, severally. Culver v. Smith, 82 Mo. App. 390-398, and cases there cited. (2) The cause of action alleged in plaintiff's petition is for failure to deliver to her the hotel furniture and fixtures alleged to have been traded to her by the defendants. In such case the measure of damages is the value of the property alleged to have been contracted for delivery and not delivered. White v. Salisbury, 33 Mo. 150; Cobb v. Whitsett, 51 Mo. App. 146; Griffith v. Material & Construction Co., 46 Mo. App. 539; Van Stone v. Hopkins, 49 Mo. App. 386. (3) The plaintiff and her husband having accepted a bill of sale from D. W. Cunning for the hotel furniture and fixtures, which upon its face shows that said property was traded by D. W. Cunning to W. C. Lemon and Sarah J. Lemon, said bill of sale is binding upon plaintiff in the form in which it now is, until reformed by a court of equity, in a direct proceeding for that purpose. Peers v. Davis' Admr., 29 Mo. 184; Jolliffe v. Collins, 21 Mo. 338; Davidson v. Monson, 146 Mo. 608; Parker v. Van Hoozer, 142 Mo. 621. In its present form the said bill of sale conveys the title to the hotel furniture and fixtures to W. C. Lemon and Sarah J. Lemon, jointly.

*Johnson & Bresnehen* and *Chas A. Loomis* for respondent.

(1) The decision of the trial court will stand, if the conclusion reached is correct, even though the reasons given were erroneous, or the judgment is based upon a wrong theory. Thiele v. Railway, 140 Mo. 319; Ittner v. Hughes, 133 Mo. 679; State v. Smith. 141 Mo. 1.    (2)

In spite of the presumption that the giving of an erroneous instruction is presumed to be prejudicial, yet if it is clear that the judgment is for the right party, and that no other judgment could have been rendered without injustice, the giving of such instruction will not justify a reversal or new trial. Barkley v. Cemetery Assn., 153 Mo. 300; Kuhn v. Ins. Co., 71 Mo. App. 305; Baustian v. Young, 152 Mo. 317; State v. True Nell, 79 Mo. App. 243; Fields v. Railway, 80 Mo. App. 603; 1 Pattison's Mo. Digest, page 252-3, art. 3169 to 3205. (3) The measure of damages in an action for fraud is the difference between the value of the goods which were actually delivered and the value of the goods, had they been as represented; and as in this case no goods were delivered whatever, the measure of damages must be the value of the goods had they been as represented. Schultz v. Chrisman, 6 Mo. App. 338; Ansyln v. Frank, 8 Mo. App. 242; Hamilton v. Mallett, 8 Mo. App. 584; McBeth v. Craddock, 28 Mo. App. 380; Brownlee v. Hewitt, 1 Mo. App. 360; Shinnebager v. Shelton, 41 Mo. App. 147; Hitchcock v. Baughan, 36 Mo. App. 216.

BROADDUS, J.—This suit was instituted in the Linn Circuit Court from where it was taken to the circuit of Livingston county by change of venue. One David W. Cunning was also a party defendant, but he made no defense in the trial court where judgment was rendered against him and his co-defendant, Wheeler. The latter, alone, appealed.

The plaintiff's cause of action as stated is substantially as follows: That at and prior to the twenty-fifth day of September, 1899, plaintiff was the owner of a stock of merchandise then in a storehouse at Turney, Missouri, reasonably worth $2,500; that on said day the defendants with other persons in their employ wrongfully and fraudulently conspired together to defraud and cheat her out of said merchandise and induced and procured her to exchange her said merchandise for certain hotel furniture and fixtures then in a

hotel located in the town of Marceline, Linn county, Missouri; that for the purpose of inducing plaintiff to make such exchange of property, defendants and their said employees fraudulently and falsely represented that said hotel fixtures and furniture were very valuable, such as to be found in first-class hotels, and were reasonably worth $1,726.15, and were free from incumbrances; and that relying upon said representations she was induced to and did enter into a contract by which she transferred and delivered to defendant David W. Cunning her said stock of merchandise at the agreed value of $2,500, in consideration for which defendants contracted to sell and deliver to her said hotel fixtures and furniture free from all incumbrances at the agreed price of $1,726.15, and to pay her in addition the sum of $100 in cash and to make and deliver to her a negotiable promissory note for the sum of $150, due in ninety days from date, secured by a first mortgage on real estate in said town of Marceline. It is further alleged that said defendants paid said sum of $100, but failed and refused to execute the said note for $150, and failed and refused to deliver said hotel fixtures and furniture, by reason of which she is damaged in the sum of $1,876.15.

The defendant Wheeler's answer consists of a general denial and substantially the following special defenses, viz.: That at the time stated by plaintiff she and one William C. Lemon, who is not a party to the suit, made a trade and exchange of the properties mentioned with defendant Cunning, in which it was agreed that for the interest which said Cunning had in said hotel fixtures and furniture, and for a certain money consideration, said merchandise was transferred to said Cunning; for which reason it is alleged that the said William C. Lemon, being a party to said contract for exchange of said properties, is a necessary party to the action. The second special defense is that the plaintiff Sarah and said William C. Lemon made false and fraudulent representations as to the character of said merchandise in that they were merchantable and

of the reasonable value of $2,500, whereby the said Cunning, relying on said representations, was induced to and did make said agreement and exchange of properties; that said merchandise was not salable, was old and worn and not exceeding $200 in value; and that by reason of all which the said Cunning was damaged in the sum of $2,300, which he (Wheeler) sets up as a counterclaim against the alleged cause of action in plaintiff's petition; that the defendant Cunning refusing to plead the same as such, this defendant Wheeler asks to be subrogated to all the rights of said Cunning thereto.

The plaintiff's evidence tended to prove that defendants made false and fraudulent representations as to the character and value of the hotel fixtures and furniture, and it was indisputably shown that they were never delivered and that they were not free from incumbrances. There was no evidence tending to show that defendant Wheeler was the owner of said property, except that he held a mortgage on a part of it— the defendant Cunning being the sole owner thereof.

The contract between the parties was evidenced by two written instruments called bills of sale, drawn by a witness named Dimmitt at Kansas City, Missouri. This witness testified that the one transferring the merchandise to Cunning was signed by plaintiff Sarah and William C. Lemon; the other by defendant Cunning. He further testified that after these contracts had been signed and while all the parties were present, defendant Cunning expressed the wish to have his lawyer examine them. Whereupon he carried them to the office of William E. Kirtley, nearby, who wrote in the body of Cunning's bill of sale the words, "excepting an incumbrance of four hundred dollars or less," after which both instruments were acknowledged before Dimmitt, who was a notary public, and then delivered. The said writing executed by Cunning contained a clause of warranty of title which was left unexpunged. The evidence tended to show that the writings were not examined after they were brought back from the office

of Kirtley, and that plaintiff had no knowledge at the time that there had been any change in the one mentioned.

The evidence of the defendant Wheeler tended to prove the special defense in his answer that plaintiff and said William C. Lemon had falsely misrepresented the character and value of the goods transferred to defendant.

The case was submitted to the court which found for the plaintiff and assessed her damage at $1,726.15, the valuation fixed in the bill of sale of the said fixtures and furniture.

The court at the instance of defendant Wheeler gave, amongst others, a declaration of law to the effect that the action was for failure of defendants to deliver to plaintiff the hotel property in dispute, and that the amount of her recovery, if she recovered, was not to exceed the market value of the hotel property at the time the exchange of property was made. This declaration, we think, properly characterized the nature of the action. Whilst the plaintiff claims the result—the judgment—was a proper one, it was a mistake upon the part of the court to declare that plaintiff's damages were limited to the market value of the goods, but that the true measure of damages was the value of the property as represented and as fixed in the bill of sale. But as we look at the case, the amount of damages becomes immaterial; therefore, it is not necessary to decide that question.

It is agreed, however, and rightly, that the action is one for failure to deliver and not for deceit in inducing the contract. Such being the case, the cause must be determined upon the contract of delivery. On this question the evidence is without dispute and the writings show for themselves that the parties to it were the plaintiff Sarah and William C. Lemon on one side and defendant Cunning on the other. Such being the case, defendant's instruction number nine should have been given; this instruction was to the effect that as the contract was to deliver to Sarah and William C.

Lemon, she could not recover without joining said William C. as a party plaintiff; this is the well-settled law. Culver v. Smith, 82 Mo. App. 390, and cases cited.

The plaintiff was not entitled to recover for another reason, viz.: The evidence was that Wheeler had no interest in the hotel property mentioned, but that it belonged to defendant Cunning alone; and further, he was not a party to the bill of sale. While said Wheeler might have been liable for deceit in procuring the sale of Cunning's property, he would not be liable upon the contract of sale itself, for he was not a party to it. It seems to have been the idea of the pleader that by making defendant Wheeler a party to the fraudulent representations inducing the contract, he would be liable on the contract for failure to deliver the property also. It requires no argument to show that such a thing is wholly untenable.

As the plaintiff is not entitled to recover for the reasons given, the many other points raised in the arguments become immaterial and are therefore not passed upon.

For the reasons given the cause is reversed as to defendant Wheeler. All concur.